**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Facsimile
Michael D. Sirota, Esq.
msirota@coleschotz.com
Warren A. Usatine, Esq.
wusatine@coleschotz.com
David M. Bass, Esq.
dbass@coleschotz.com
Matteo Percontino, Esq.
mpercontino@coleschotz.com

*Proposed Counsel to Debtor and Debtor in Possession*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| DIRECTBUY HOME IMPROVEMENT, INC., | Case No. 23-19159 (SLM) |
| Debtor.[1] | |

## DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) ESTABLISHING CERTAIN NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES AND (II) GRANTING RELATED RELIEF

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The above-captioned debtor and debtor in possession (the "<u>Debtor</u>") respectfully state the

following in support of this motion (the "<u>Motion</u>"):

## **Relief Requested**

1.      The Debtor seeks entry of an order, substantially in the form attached hereto as

**<u>Exhibit A</u>** (the "<u>Order</u>"): (a) authorizing, but not directing, the Debtor to designate the above-

---

[1] The debtor's last four digits of its federal tax identification number is 4292. The location of debtor's principal place of business is 1855 W. 139th Street, Gardena, California 90249.

captioned bankruptcy case (the "Chapter 11 Case") as a complex case; (b) approving and implementing certain notice, case management, and administrative procedures as described in **Exhibit 1** to the Order (collectively, the "Case Management Procedures"); and (c) granting related relief.[2]

2.       There are nearly one thousand creditors and parties in interest in this Chapter 11 Case.  Providing notice of all pleadings and other papers filed in this Chapter 11 Case to each of these parties would be extremely burdensome and costly to the Debtor's estate.  The costs of photocopying, postage, and other expenses associated with such large mailings would be excessive and practically prohibitive.  The relief sought in this Motion is tailored to address such concerns while simultaneously ensuring timely notification to those parties actively participating in this case or those parties whose rights are directly affected by a given matter.

### Jurisdiction and Venue

3.       The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.).  The Debtor confirms its consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.       Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2] A detailed description of the Debtor, its business, and the facts and circumstances supporting this chapter 11 case is set forth in the *Declaration of Robert Fetterman, Chief Financial Officer & Interim Chief Executive Officer of the Debtor, in Support of Debtor's Chapter 11 Petition and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith.  Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day Declaration.

66711/0001-46266612

5.      The bases for the relief requested herein are sections 102(1), 105(a), 107(c), and 521 of title 11 of the United States Code (the "Bankruptcy Code"), rules 1001, 1007, 2002, 9007, 9014, and 9036 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 1007-1, 9013-1, and 9013-5 of the Local Bankruptcy Rules for the District of New Jersey (the "Local Rules").

## Background

6.      As set forth in the First Day Declaration, the Debtor, doing business as Z Gallerie, is a specialty retailer focused on fashion and art-inspired home décor and home furnishings.  As of the date hereof, the Debtor operates an eCommerce platform and 21 stores in 9 states across the United States, located in lifestyle centers, shopping malls, and street level shops.  The Debtor is headquartered in Gardena, California and currently employs approximately 250 employees.

7.      On the date hereof (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor is operating its business and managing its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in this chapter 11 case, and no official committees have been appointed or designated.

## Case Management Procedures

8.      On December 1, 2009, the United States Bankruptcy Court for the District of New Jersey, Hon. Judith H. Wizmur, Ret., entered a *General Order Adopting Guidelines Governing Procedures for Complex Chapter 11 Cases* (the "General Order").  The General Order was designed to provide "special scheduling and other procedures" in cases where certain factors, including a large creditor base or high assets and liabilities, were present.  *Id.*  Debtors seeking treatment as a complex case filed a simple application setting forth the factors that warranted complex treatment and an order would be entered designating the cases as "complex cases."  The

3

General Order provides that, "[i]n a Complex Chapter 11 Case, counsel for the debtor, at the hearing on First Day Matters, shall: [d]iscuss with the Court, provisions regarding the entry of a proposed case management order in accordance with the Guidelines Establishing Management and Administrative Procedures for Cases Designated as Complex Chapter 11 Cases [(the "General Guidelines")], a copy of which [was] attached [to the General Order] as Exhibit F."

9.    Although the General Guidelines were state of the art in 2009, in the ensuing 14 years, technology has developed rapidly and our lives have changed in response.  In light of these changes, the General Guidelines do not satisfy the Debtor's particular needs in 2023.  For example, the General Guidelines require paper service that is no longer necessary or practicable in light of, among other things, (i) the fact that most people check their email multiple times a day, giving them instant access to pleadings and information electronically served on them (ii), the fact that many people do not check their paper mail with any regularity or work from offices five (5) days a week, and (iii) the size of today's chapter 11 cases and the current inflationary environment makes paper service cost prohibitive, even when effectuated via first class mail (i.e. when not served via overnight carrier).

10.    In light of these realities, the Debtor seeks authority to implement a set of Case Management Procedures, based on and closely correlated with the General Guidelines, that have been tailored to the Debtor's particular facts and circumstances as well as the practicalities of service and bankruptcy practice in 2023.

11.    Specifically, the Case Management Procedures, among other things:  (a) establish requirements for filing and serving notices, motions, applications, declarations, affidavits, objections, replies, responses, memoranda, briefs, supporting documents, and other papers filed in this Chapter 11 Case, including with regard to any contested matters and any related adversary

4

proceedings (collectively, the "Court Filings"), and any orders entered in this Chapter 11 Case, including with regard to any contested matters and any related adversary proceedings (together with the Court Filings, the "Court Filings and Orders"); (b) delineate standards for notices of hearings and agendas; (c) fix periodic omnibus hearing dates and provide mandatory guidelines for scheduling hearings and setting objection and reply deadlines; and (d) minimize potential burdens on the Court by limiting matters that are required to be heard by the Court.

12.     The Debtor believes that the Case Management Procedures will facilitate service of Court Filings and Orders in a manner that will maximize the efficiency and orderly administration of the Chapter 11 Case, while at the same time ensuring that appropriate notice is provided, particularly to parties who express an interest in this Chapter 11 Case and those directly affected by a request for relief.  In particular, the Case Management Procedures are intended to:

a.     Reduce the need for expedited hearings and requests for expedited relief;

b.     Provide for omnibus hearings for the Court to consider motions, applications, other pleadings, and any responses thereto, as applicable;

c.     Promote consensual resolution of important matters;

d.     Assure prompt receipt of appropriate notice by potentially affected parties;

e.     Allow for electronic notice in accordance with the Court's electronic filing system (the "ECF System");

f.     Provide ample opportunity for parties in interest to prepare for and respond to matters before the Court;

g.     Reduce the substantial administrative and financial burden that otherwise may be placed on the Debtor and other parties in interest who file documents in this Chapter 11 Case; and

h.     Reduce the administrative burdens on the Court and the office of the clerk of the United States Bankruptcy Court for the District of New Jersey (the "Clerk of Court").

13.     To ensure that parties in interest in this Chapter 11 Case are made aware of the Case Management Procedures, the Debtor proposes to:  (a) serve the Case Management Procedures via

5

electronic mail (where available) or regular mail on each of the parties on the Master Service List (as defined in the Case Management Procedures) as soon as practicable after entry of the Order; (b) publish the Case Management Procedures on the Debtor's restructuring website at https://cases.stretto.com/DBHI (the "Case Website"); and (c) make the Case Management Procedures readily available upon request to the Debtor's proposed claims and noticing agent, Stretto, Inc. (the "Claims Agent"). If the Case Management Procedures are modified during this Chapter 11 Case, the Debtor will (a) make updated versions of the Case Management Procedures available on the Case Website, (b) file a notice of the updated procedures (along with a copy of the updated procedures) electronically on the docket, and (c) serve such updated procedures in accordance with the revised Case Management Procedures.

### **Basis for Relief Requested**

14.     The Bankruptcy Rules and Bankruptcy Code provide the Debtor with authority to establish notice and case management procedures. In particular, Bankruptcy Rule 2002(a) provides that, unless otherwise ordered by the Court, notice of certain matters must be given to, among others, all of the Debtor's creditors, equity security holders, and other parties in interest. The Bankruptcy Rules further provide that "[t]he Court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules." *See* Fed. R. Bankr. P. 2002(m); *see also* Fed. R. Bankr. P. 9007 ("When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.").

15.     In addition, section 105(a) of the Bankruptcy Code grants bankruptcy courts broad authority and discretion to enforce the provisions of the Bankruptcy Code either under specific statutory fiat or under equitable common law principles. Specifically, section 105(a) provides:

66711/0001-46266612

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.  No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

16.  Under section 102(1) of the Bankruptcy Code, where the Bankruptcy Code provides for an action to occur "after notice and a hearing," such action may occur "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances . . . ."  11 U.S.C. § 102(1)(A).  Finally, and perhaps most importantly, Bankruptcy Rule 1001 requires the Bankruptcy Rules to be "construed . . . to secure the just, speedy, and inexpensive determination of every case and proceeding." Fed. R. Bankr. P. 1001.

17.  The Debtor's Chapter 11 Case is complex, will likely be fast-paced, and will involve large numbers of creditors and other parties in interest.  The costs and burdens associated with the possibility of frequent and fragmented hearings, plus the costs associated with copying and mailing or otherwise serving all documents filed with the Court to all such entities, will impose an extraordinary and expensive administrative and economic burden on the Debtor's estate, the Court, and the parties in interest.  Indeed, constant mass mailings will be extraordinarily costly to the Debtor's estate and will require the Debtor to divert valuable resources to comply with all administrative requirements.  Additionally, hard copy mailing is not available for all parties in interest, so the Debtor requests to serve such parties, through the Claims Agent, via electronic mail to ensure service on such parties.

18.  Limited notice procedures are routinely established by bankruptcy courts in large chapter 11 cases to reduce the expense of the administration of the estate.  *See*, *e.g.*, *In Re Bed*

*Bath & Beyond Inc.,* No. 23-13359 (VFP) (Bankr. D.N.J. Apr. 25, 2023); *In re BlockFi Inc.,* No. 22-19361 (MBK) (Bankr. D.N.J. Nov. 30, 2022); *In re Aearo Tech. LLC,* No. 22-02890-JJG-11 (Bankr. S.D. Ind. Sept. 30, 2022); *In re Celsius Network LLC,* No. 22-10964 (MG) (Bankr. S.D.N.Y. Aug. 17, 2022); *In re Voyager Digital Holdings, Inc.,* No. 22-10943 (MEW) (Bankr. S.D.N.Y. Aug. 4, 2022); *In re Le Tote, Inc.,* No. 20-33332 (KLP) (Bankr. E.D. Va. Aug. 3, 2022).

19.    For the reasons discussed herein, the Debtor believes that the Case Management Procedures are appropriate and should be approved and implemented.  The establishment of the Case Management Procedures will promote the efficient and orderly administration of this Chapter 11 Case.  For these reasons, the Debtor believes that the relief requested herein is in the best interests of the Debtor and its estate and should be approved.

## Waiver of Memorandum of Law

20.    The Debtor respectfully requests that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtor relies is set forth herein and the Motion does not raise any novel issues of law.

## No Prior Request

21.    No prior request for the relief sought in this Motion has been made to this Court or any other court.

## Notice

22.    The Debtor will provide notice of this Motion to the following parties or their respective counsel:  (a) the Office of the U.S. Trustee for the District of New Jersey, Attn: Fran B. Steele, Esq. (Fran.B.Steele@usdoj.gov) and Peter J. D'Auria, Esq. (Peter.J.D'Auria@usdoj.gov); (b) the holders of the 20 largest unsecured claims against the Debtor; (c) counsel for ZG Lending SPV, LLC, Lowenstein Sandler LLP, Robert Hirsh, Esq. and Phillip Khezri, Esq.; (d) the United

States Attorney's Office for the District of New Jersey; (e) the Internal Revenue Service; (f) the offices of the attorneys general for the states in which the Debtor operates; (g) the National Association of Attorneys General; (h) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

[<em>remainder of page left intentionally blank</em>]

66711/0001-46266612

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order, in substantially the form submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

DATED:  October 16, 2023                    Respectfully submitted,
                                            **COLE SCHOTZ P.C.**

                                            By: _____*/s/ Michael D. Sirota*_____
                                                    Michael D. Sirota, Esq.
                                                    Warren A. Usatine, Esq.
                                                    David M. Bass, Esq.
                                                    Matteo Percontino, Esq.
                                                    Court Plaza North
                                                    25 Main Street
                                                    Hackensack, NJ 07601
                                                     (201) 489-3000
                                                     (201) 489-1536 Facsimile
                                                    Email: msirota@coleschotz.com
                                                            wusatine@coleschotz.com
                                                            dbass@coleschotz.com
                                                            mpercontino@coleschotz.com

                                            *Proposed Counsel to Debtor and Debtor in*
                                            *Possession*

## <u>EXHIBIT A</u>

**Proposed Order**

| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
|---|---|
| Caption in Compliance with D.N.J. LBR 9004-1(b) **COLE SCHOTZ P.C.** Court Plaza North 25 Main Street P.O. Box 800 Hackensack, New Jersey 07602-0800 (201) 489-3000 (201) 489-1536 Facsimile Michael D. Sirota, Esq. msirota@coleschotz.com Warren A. Usatine, Esq. wusatine@coleschotz.com David M. Bass, Esq. dbass@coleschotz.com Matteo Percontino, Esq. mpercontino@coleschotz.com *Proposed Counsel to Debtor and Debtor in Possession* | |
| In re: DIRECTBUY HOME IMPROVEMENT, INC., Debtor.[1] | Chapter 11 Case No. Case No. 23-19159 (SLM) Judge: Stacey L. Meisel |

## ORDER (I) ESTABLISHING CERTAIN NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES AND (II) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered two (2) through five (5), and **Exhibit 1** attached hereto, is hereby **ORDERED**.

---

[1]    The debtor's last four digits of its federal tax identification number is 4292.  The location of debtor's principal place of business is 1855 W. 139th Street, Gardena, California 90249.

Page (2)
Debtor:                DIRECTBUY HOME IMPROVEMENT, INC.
Case No.:              23-19159 (SLM)
Caption of Order:      ORDER (I) ESTABLISHING CERTAIN NOTICE, CASE
                       MANAGEMENT, AND ADMINISTRATIVE PROCEDURES AND (II)
                       GRANTING RELATED RELIEF

Upon the *Debtor's Motion for Entry of an Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures, and (II) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtor and debtor in possession (the "Debtor"), for entry of an order (this "Order") (a) authorizing, but not directing, the Debtor to (i) designate this Chapter 11 Case as a complex case, and (ii) approving and implementing certain notice, case management, and administrative procedures as described in **Exhibit 1** to the case management Order (collectively, the "Case Management Procedures"); and (b) granting related relief**,** all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

66711/0001-46266612

Page (3)
Debtor:                        DIRECTBUY HOME IMPROVEMENT, INC.
Case No.:                      23-19159 (SLM)
Caption of Order:              ORDER (I) ESTABLISHING CERTAIN NOTICE, CASE
                               MANAGEMENT, AND ADMINISTRATIVE PROCEDURES AND (II)
                               GRANTING RELATED RELIEF

and upon all of the proceedings had before the Court and after due deliberation and sufficient cause

appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.       The Motion is **GRANTED** as set forth herein.

2.       The Court concludes that the above-captioned case constitutes a Complex

Chapter 11 Case.

3.       The Case Management Procedures set forth in **<u>Exhibit 1</u>** hereto are approved and

shall apply as provided therein in these Chapter 11 Cases, except as otherwise ordered by the

Court. Notice and service accomplished in accordance with the Case Management Procedures,

including service via electronic mail (where available), shall be deemed adequate in all respects

pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. To the extent the

Case Management Procedures conflict with the Bankruptcy Code, the Bankruptcy Rules, or the

Local Rules, the Case Management Procedures shall govern and supersede such rules.

4.       The next three omnibus hearings are scheduled as follows:

a.       __:__ _.m., prevailing Eastern Time, on        ____, 2023;

b.       __:__ _.m., prevailing Eastern Time, on        ____, 2023; and

c.       __:__ _.m., prevailing Eastern Time, on        ____, 2023.

5.       Prior to giving notice of the Case Management Procedures, the Debtor is authorized

to make non-substantive revisions and corrections as needed to the Case Management Procedures,

66711/0001-46266612

Page (4)
Debtor:                    DIRECTBUY HOME IMPROVEMENT, INC.
Case No.:                  23-19159 (SLM)
Caption of Order:          ORDER (I) ESTABLISHING CERTAIN NOTICE, CASE
                           MANAGEMENT, AND ADMINISTRATIVE PROCEDURES AND (II)
                           GRANTING RELATED RELIEF

including filling in (a) the omnibus hearing schedule, and (b) the date and docket number of this

Order where indicated therein.

6.      Any party may obtain a copy of the Case Management Procedures by: (a) accessing

the website maintained by the Claims Agent at https://cases.stretto.com/DBHI free of charge;

(b) contacting the Claims Agent directly at Stretto, Inc., Attn: Z Gallerie Inquiries, 410 Exchange,

Suite 100, Irvine, CA 92602, by email at teamdirectbuy@stretto.com or telephone at (949) 570-

9040 (toll-free) or (888) 959-0776 (International), or (c) by accessing PACER on the Court's

website at https://www.njb.uscourts.gov for a nominal fee.

7.      As soon as practicable after the entry of this Order, a copy of the Case Management

Procedures shall be served by the Debtor on each of the parties on the Master Service List (as

defined in the Case Management Procedures attached as **Exhibit 1** hereto). To help ensure that

all parties who may participate in this Chapter 11 Case are aware of the terms of the Case

Management Procedures, the Claims Agent shall post the Case Management Procedures on the

Case Website (as defined in the Case Management Procedures attached as **Exhibit 1** hereto).

8.      If the Debtor seeks to modify the Case Management Procedures during this

chapter 11 case, the Debtor shall (a) provide five (5) days' notice to the U.S. Trustee and any

statutory committees appointed in this chapter 11 case prior to modifying the Case Management

Procedures, and (b) if there are no objections, the Debtor shall (i) make updated versions of the

Case Management Procedures available on the Case Website, (ii) file a notice of the updated

Page (5):
Debtor:                DIRECTBUY HOME IMPROVEMENT, INC.
Case No.:              23-19159 (SLM)
Caption of Order:      ORDER (I) ESTABLISHING CERTAIN NOTICE, CASE
                       MANAGEMENT, AND ADMINISTRATIVE PROCEDURES AND (II)
                       GRANTING RELATED RELIEF

procedures (along with a copy of the updated procedures) electronically on the docket, and

(iii) serve such updated procedures in accordance with the revised Case Management Procedures.

9.     This Order shall be effective immediately upon entry, and the Debtor is authorized

and empowered to take all actions necessary to implement the relief granted in this Order.

10.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be

accompanied by a memorandum of law is hereby satisfied by the contents of the Motion or

otherwise waived.

11.     Any party may move for modification of this Order in accordance with Local Rule

9013-5(e).

12.     A true copy of this Order shall be served on all required parties pursuant to Local

Rule 9013-5(f).

13.     This Court shall retain exclusive jurisdiction over any and all matters arising from

or related to the implementation, interpretation, or enforcement of this Order.

66711/0001-46266612

**<u>EXHIBIT 1</u>**

**Case Management Procedures**

**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Facsimile
Michael D. Sirota, Esq.
msirota@coleschotz.com
Warren A. Usatine, Esq.
wusatine@coleschotz.com
David M. Bass, Esq.
dbass@coleschotz.com
Matteo Percontino, Esq.
mpercontino@coleschotz.com

*Proposed Counsel to Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| DIRECTBUY HOME IMPROVEMENT, INC., | Case No. 23-19159 (SLM) |
| Debtor.[1] | |

**NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES**

On October 16, 2023 (the "Petition Date"), DirectBuy Home Improvement, Inc., as debtor

and debtor-in-possession (the "Debtor") commenced the above-captioned bankruptcy case (this

"Chapter 11 Case") by filing its voluntary petitions for relief under chapter 11 of the Bankruptcy

Code.   The Debtor continues to operate its business and manage its properties as debtor in

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On [●], 2023, the Court entered an order (the "Case Management Order") [Docket No. [●]],

pursuant to sections 102(1), 105(a), 107(c), and 521 of title 11 of the United States Code, 11 U.S.C.

---

[1] The debtor's last four digits of its federal tax identification number is 4292.  The location of debtor's principal place of business is 1855 W. 139th Street, Gardena, California 90249.

§§ 101–1532 (the "Bankruptcy Code"), rules 1001, 1007, 2002, 9007, 9013-1, 9014, and 9036 of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 1007-1 of the Local

Bankruptcy Rules for the District of New Jersey (the "Local Rules"), approving (a) these Notice,

Case Management, and Administrative Procedures (collectively, the "Case Management

Procedures"), and (b) the form and notice thereof.

Pursuant to the Case Management Order, all notices, motions, applications, briefs,

memoranda, declarations, affidavits, objections, responses, replies, supporting documents, and

other papers filed in this Chapter 11 Case, including with regards to any contested matters and any

related adversary proceedings, and orders entered in this Chapter 11 Case, including with regards

to any contested matters and any related adversary proceedings, are subject to, and will not be

deemed properly served unless they are served in accordance with, these Case Management

Procedures.  Additionally, to the extent there is a conflict between the Bankruptcy Code, the

Bankruptcy Rules, or the Local Rules and these Case Management Procedures, these Case

Management Procedures shall govern in all respects.

*Accordingly, all parties in interest are strongly encouraged to review the below Case*

*Management Procedures in their entirety and consult their own legal counsel with respect to*

*any of the matters discussed herein prior to filing any documents in the Chapter 11 Case*.

### Case Management Procedures

**I.    Omnibus Hearings**

1.    <u>All Matters to Be Heard at Omnibus Hearings</u>.  All matters requiring a hearing in

this Chapter 11 Case, including with regards to any contested matters and any related adversary

proceedings, shall be heard at periodic omnibus hearings (each, an "Omnibus Hearing"), in

accordance with these Case Management Procedures, unless otherwise ordered by the Court for

good cause shown.  The Debtor shall be authorized to schedule, in cooperation with the Court,

2

Omnibus Hearings to consider (a) all motions, applications, and other requests for relief, along

with any notices, briefs, memoranda, declarations, affidavits, replies, and other documents filed in

support of such papers seeking relief (collectively, the "Requests for Relief"); and (b) all

objections and responses to such Requests for Relief and documents filed in support of such

objections and responses (collectively, the "Objections" and, together with the Requests for Relief

and all other filed documents, the "Court Filings") pursuant to the following procedures:

a.   Initial Omnibus Hearings.  The next three Omnibus Hearings shall be held
     on the following dates and times:

     (i)    __:__ _.m., prevailing Eastern Time, on     ___, 2023;

     (ii)   __:__ _.m., prevailing Eastern Time, on     ____, 2023;

     (iii)  __:__, _.m., prevailing Eastern Time, on    ____, 2023.

b.   Subsequent Omnibus Hearings.  The Debtor shall be authorized to schedule,
     in coordination with the Court, additional Omnibus Hearings.  The Debtor
     shall file notices of additional Omnibus Hearing dates with the Court on a
     periodic basis.  The Debtor's claims and noticing agent (the "Claims
     Agent") shall post the dates of the Omnibus Hearings on a website
     established for this case at  https://cases.stretto.com/DBHI  (the "Case
     Website").  Entities may contact the Claims Agent for information
     concerning all scheduled Omnibus Hearings.

c.   Proposed Notice of Agenda.  Before noon on the day that is two (2) business
     days before each Omnibus Hearing, the Debtor's counsel will file a
     proposed Notice of Agenda with regard to the matters that are scheduled to
     be heard at such Omnibus Hearing (the "Notice of Agenda").  The Notice
     of Agenda may include notice of matters that have been consensually
     adjourned to a later Omnibus Hearing in lieu of parties filing a separate
     notice of such adjournment.

d.   Content of Notice of Agenda.  The proposed Notice of Agenda shall list:
     (i) the docket number (in docketing order) and title of each matter scheduled
     for hearing at such Omnibus Hearing, including the initial filing and any
     filed responses, replies, or documents related thereto; (ii) the relevant
     objection deadlines and whether the matters are contested or uncontested;
     (iii) whether the matters have settled or are proposed to be continued; and
     (iv) other comments that will assist the Court.  The matters listed on the
     proposed Notice of Agenda shall be limited to matters of substance and shall
     not include administrative filings, such as notices of appearance and

3

affidavits of service.  Resolved matters shall be listed ahead of unresolved matters on the Notice of Agenda.  Contested matters shall be listed in the order of docketing with the corresponding docket number.

All amended Notices shall list matters as listed in the original Notice of Agenda with all edits and additional information being listed in boldface type.

Copies of the Notice of Agenda shall be served upon all counsel who have entered an appearance in the case, as well as all other counsel with a direct interest in any matter on the Notice of Agenda and the United States Trustee simultaneously with the filing of the Notice of Agenda with the Court.

When an adversary proceeding is scheduled, the Notice of Agenda shall indicate the adversary proceeding number and the corresponding docket number for pleadings filed in the adversary proceeding on the Notice of Agenda, in addition to the information regularly required in a Notice of Agenda.

e.    <u>Adjournment of Omnibus Hearings</u>.  Unless the Court orders otherwise, the Debtor's counsel may, without further leave of the Court: (i) adjourn any hearing on a Request for Relief filed by the Debtor to a subsequent Omnibus Hearing either (A) if no Objection contesting the relief has been filed, or (B) with the consent of any party that has filed such an Objection; and (ii) adjourn any hearing on a Request for Relief filed by a non-debtor party to a subsequent Omnibus Hearing provided that the filing party consents and either (A) no Objection contesting the relief has been filed, or (B) any party that has filed such an Objection consents.  Notice of such adjournments may be filed separately on the docket or noted in the Proposed Hearing Agenda.

f.    <u>Cancellation of Omnibus Hearings</u>.  If no matters are scheduled for hearing at an Omnibus Hearing, the Debtor may cancel the Omnibus Hearing, with the consent of the Court, by filing a notice of cancellation on the docket for this Chapter 11 Case.

## II.    <u>Filing Procedures; General Motion Practice; Deadlines for Filing of Responsive Pleadings</u>

2.    <u>Procedures Established for Court Filings</u>.    Registered users of the Court's Electronic Case Filing System (the "<u>ECF System</u>") shall file all Court Filings electronically.  Any Court Filing that refers specifically to a pleading that has already been filed in the Chapter 11 Case shall make specific reference to the docket number assigned by the Court to such pleading by use of the designation "Docket No. ___" or similar designation.

4

3.      <u>General Motion Practice</u>.  The following procedures shall be followed for Requests for Relief generally, except as otherwise provided by these Case Management Procedures or an order of the Court:

a.      <u>Requests for Relief.</u>  Any Request for Relief, including briefs, must be filed at least 21 calendar days prior to the hearing thereon.  A Request for Relief may be scheduled by the filing party to be heard at any Omnibus Hearing at least twenty-one (21) calendar days after the filing of such Request for Relief.

b.      <u>Inconsistent Filings</u>.  If a party other than the Debtor files a Court Filing and purports to set a hearing date inconsistent with these Case Management Procedures (an "<u>Inconsistent Filing</u>"), the hearing shall be scheduled, without the necessity of Court order, for the first Omnibus Hearing date after the 21-day notice period has expired, and the Debtor shall provide such party with notice of these Case Management Procedures within three (3) business days of receipt of the Inconsistent Filing.  If such filing is filed at least twenty-one (21) days from the next Omnibus Hearing Date, then the hearing with respect to such filing shall be deemed to be on such omnibus hearing date.  If such filing is less than twenty-one (21) days prior to the next omnibus hearing date, then the hearing with respect to such filing shall be the next omnibus hearing date after the required twenty-one (21) days have passed.  The movant must provide notice of the corrected hearing date to all affected parties and thereafter file a certificate of service regarding the notice.

c.      <u>Service of Requests for Relief</u>.  All Requests for Relief shall be served in accordance with the provisions of the Bankruptcy Rules, the Local Rules, and any applicable Court order on:  (i) the master service list (as described in more detail below, the "<u>Master Service List</u>") that the Claims Agent shall maintain pursuant to Bankruptcy Rule 2002; (ii) the list of entities (the "<u>2002 List</u>" and, together with the Master Service List, the "<u>Core Service List</u>") that have filed a written request for service of filings in this Chapter 11 Case pursuant to Bankruptcy Rule 2002 (a "<u>2002 Notice Request</u>"), which the Claims Agent also shall maintain pursuant to Bankruptcy Rule 2002; and (iii) each entity with a particularized interest in the subject matter of the specific Court Filing (each, an "<u>Affected Entity</u>").

d.      <u>Notices of Requests for Relief</u>.  Parties should consult the Local Rules regarding the form and content of notices with respect to Requests for Relief and visit the Court's website at http://njb.uscourts.gov for more information.

e.      <u>Requests for Shortened Time or Limited Notice</u>.  Nothing contained herein shall prejudice the rights of any party in interest to move the Court to further

5

limit or expand notice of matters and proceedings upon a showing of good cause, including, but not limited to, the right to (i) file a Request for Relief upon shortened notice; or (ii) seek an enlargement or reduction of time pursuant to Bankruptcy Rule 9006.

f.       <u>Expedited Hearings.</u>  If a party in interest has an emergency or other situation that it believes requires consideration on less than the 21-day notice as required by D.N.J. LBR 9013-2(c), the moving party should file and serve, a separate written application requesting shortened time and expedited hearing in respect of the underlying motion in the form provided at D.N.J. LBR 9013-2(c).

If the Court grants the motion for expedited hearing, the underlying motion will be set at the next available omnibus hearing date or at some other appropriate shortened date approved by the Court.

Requests for expedited hearings will only be granted under emergency or exigent circumstances.

g.       <u>Negative Noticing Procedures</u>.  Subject to the Court's discretion, the Court may approve notice procedures which provide that if no objections are timely filed and served by a deadline set in accordance with the Bankruptcy Rules and/or the Case Management Order and/or the Local Rules, the Court may enter an order granting the relief requested without further notice or a hearing ("<u>Negative Notice</u>").  The notice of motion accompanying such motion must specifically advise parties of the objection deadline and must also inform the recipient that if no objections are filed and served, the Court may enter an order granting the motion without further notice or hearing.

Negative Notice may be used in connection with motions including, but not limited to, matters requesting the following relief:  (a) rejection of a non-residential real property lease or executory contract pursuant to 11 U.S.C. § 365; (b) extension of deadline to seek removal action pursuant to Bankruptcy Rule 9027; (c) sales of assets outside the ordinary course of business pursuant to 11 U.S.C. § 363 with a purchase price set on a case-by-case basis; (d) approval of settlements and compromises pursuant to Bankruptcy Rule 9019 of claims where the settled amount of the claim does not exceed an amount set on a case-by-case basis; and (e) nothing contained herein shall be construed to limit a party in interest's ability to request that the Court approve the use of Negative Notice procedures in connection with motions not specifically identified above.

If an objection is timely filed and served, a hearing will be scheduled for the next Omnibus Hearing date unless otherwise ordered by the Court.

h.       <u>Evidentiary Hearings</u>.  Nothing herein shall prejudice the rights of any party to seek appropriate discovery with respect to any Court Filings, and all

66711/0001-46266612

parties' rights to request an evidentiary hearing or establish a discovery schedule are preserved.

    i.    <u>Certificate of No Objection</u>.  After the Objection date has passed with no Objection having been filed or served, counsel for the movant may file a Certification of No Objection substantially in the form as it appears in the General Order Governing Procedures for Complex Chapter 11 Cases on the annexed Schedule "1" stating that no Objection has been filed or served on the movant.

By filing such certifications, counsel for the movant is representing to the Court that the movant is unaware of any objection to the motion or application and that counsel has reviewed the Court's docket and no Objection appears thereon.

Upon receipt of the Certification of No Objection, the Court may enter the order accompanying the motion or application without further pleading or hearing and, once the order is entered, the hearing scheduled on the motion or application shall be cancelled without further notice.

4.    <u>Filing and Service of Objections, Replies, and Other Responsive Pleadings</u>.  The following procedures shall be followed, except as otherwise provided by these Case Management Procedures or an order of the Court:

    a.    <u>Objections and Replies</u>.  Any Objection, including related briefs, must be filed on or before the date that is seven (7) days prior to the hearing set on the motion unless otherwise provided by the Court (the "<u>Objection Deadline</u>").  If an objection is filed, the movant or another interested party may file a reply and any documents in support of the reply, including briefs (collectively, a "<u>Reply</u>"), with the Court on or before two (2) days before the applicable hearing date unless otherwise provided by the Court (the "<u>Reply Deadline</u>").

    b.    <u>Extension of Objection Deadline</u>.  The Objection Deadline may be extended upon the consent of the entity filing the Request for Relief without further order of the Court, provided that the Objection Deadline shall not be less than seven (7) days before the hearing on such matter without approval of the Court.  The Reply Deadline may be extended with the approval of the Court.  Unless otherwise agreed by the entity filing the Request for Relief, adjournment of the hearing on the Request for Relief shall not extend the Objection Deadline.

    c.    <u>Service of Objections</u>.  All Objections shall be filed with the Court and served by the applicable Objection Deadline upon (i) the entity filing the

66711/0001-46266612

Request for Relief, (ii) the Debtor, (iii) those entities on the Core Service List, and (iv) each Affected Entity.

    d.    <u>Service of Replies to Objections</u>.  Any Reply shall be filed and served by the applicable Reply Deadline upon (i) the entity filing the Request for Relief, (ii) the Debtor, (iii) each party that filed an Objection, (iv) each party on the Core Service List, and (v) each Affected Entity.

    5.    <u>Granting the Request for Relief Without a Hearing</u>.  A Request for Relief may be granted without a hearing to the extent allowed under the Bankruptcy Rules or the Local Rules, except as otherwise provided herein.  If the Court decides not to grant the Request for Relief without a hearing, (a) the Request for Relief shall be heard at the next scheduled Omnibus Hearing, and (b) the decision not to grant the Request for Relief shall not constitute an extension of the Objection Deadline related thereto with respect to any party, unless otherwise agreed between the party seeking relief and the party seeking to object.

## III.    <u>Service and Notice Procedures</u>

    6.    <u>Procedures Established for Notices</u>.  All Court Filings shall be filed with the Court and served in accordance with the notice procedures set forth herein (the "<u>Notice Procedures</u>").

    7.    <u>Entities Entitled to Service</u>.  All Court Filings shall be served on the Core Service List and any other Affected Entities according to the Notice Procedures, except as otherwise provided by these Case Management Procedures or an order of the Court.  In accordance with Bankruptcy Rule 2002, the Claims Agent shall maintain the Core Service List, which shall be updated in accordance with paragraph 8 below.  An updated Core Service List can be obtained by (a) accessing the Case Website, (b) contacting the Claims Agent directly, or (c) contacting Debtor's counsel directly.

    8.    <u>Maintenance of the Core Service List</u>.  At least every fourteen (14) days during the first sixty (60) days of this Chapter 11 Case, and thereafter at least once every thirty (30) days, the Claims Agent shall maintain and update the Core Service List by (a) making any necessary

additions and deletions, and (b) posting an updated version of the Core Service List on the Case Website.

9.      <u>Parties on the Core Service List</u>.  The Core Service List shall include the following parties:

      a.      The Debtor;

      b.      The Debtor's counsel;

      c.      The office of the United States Trustee for Region III;

      d.      The chairperson of any official committees established pursuant to section 1102 of the Bankruptcy Code;

      e.      Counsel retained by any official committees established pursuant to section 1102 of the Bankruptcy Code, or counsel retained by the fifty (50) largest creditors if an official committee has not been appointed.

      f.      Counsel for ZG Lending SPV, LLC, Lowenstein Sandler LLP, Robert Hirsh, Esq. and Phillip Khezri, Esq.;

      g.      Any other person or entity as authorized by the Court.

10.      <u>Master Service List</u>.  Debtor's counsel or counsel to the trustee shall assist the Claims Agent, as necessary, in maintaining and updating the Master Service List which shall be comprised of the Core Service List and the parties that have filed a 2002 Notice Request in the Debtor's case.  Service on the persons/entities listed on the Master Service List shall be made only with respect to those matters enumerated in the Case Management Order.  The Claims Agent shall maintain and update the Master Service List at least every fourteen (14) days during the first sixty (60) days of the case and at least every thirty (30) days thereafter by (a) making any necessary additions and deletions and (b) posting an updated version of the Master Service List on the Case Website each time it is updated.  Further, Debtor's counsel must file the Master Service List every thirty (30) days during the Chapter 11 case, only to the extent there are updates.

11.    <u>Requests for Documents</u>.  Any creditor or party in interest may enter an appearance and request receipt of all Court Filings pursuant to Bankruptcy Rule 2002 by filing a 2002 Notice Request with the Court and providing a copy of the 2002 Notice Request to (a) the Debtor and its counsel, and (b) the Claims Agent.  Except as set forth in paragraph 14 below, a 2002 Notice Request filed with the Court shall be deemed proper if and only if it includes the following information with respect to the party filing such request:  (a) the name, organization (if any), full street address (no P.O. boxes), phone number, fax number (if any), and email address (if any) of the party requesting service; (b) if made by an attorney, the party or parties that such attorney represents; and (c) a certification that a copy of the 2002 Notice Request has been provided to the Debtor and its counsel and the Claims Agent.

12.    <u>Certification Opting Out of Email Service</u>.  Any individual or entity filing a 2002 Notice Request who does not maintain (and cannot practicably obtain) an email address, and therefore cannot receive service by email, must include in the 2002 Notice Request a certification to that effect (the "<u>Certification</u>").  The Certification shall include a statement certifying that the individual or entity (a) does not maintain an email address, and (b) cannot practicably obtain an email address at which the individual or entity could receive service by email.  Such individual or entity will thereafter receive paper service as provided in these Case Management Procedures.

13.    <u>No Email or Certification Provided</u>.  If a 2002 Notice Request fails to include an email address or a Certification, the Debtor shall forward a copy of these Case Management Procedures to such party within five (5) business days of receipt of service of the 2002 Notice Request and specifically request an email address or Certification.  ***Until (a) an email address, or (b) a Certification is provided in response to the Debtor's request, such party shall not be added***

10

*to the 2002 List and shall not be served with copies of Court Filings filed in this Chapter 11*

*Case unless such Court Filings directly affect such party.*

14.   <u>Service of Motions Required to Be Served on All Creditors and Parties in Interest.</u>
With respect to Requests for Relief for which particular notices are required to be served on all creditors and parties in interest—including pursuant to Bankruptcy Rules 2002(a)(2), 2002(a)(3), 4001, 6004, 6007 and/or 9019—and subject to paragraph 16 below, parties shall serve all such filings by electronic mail (where available), except as otherwise provided in paragraphs 12 through 14 hereof, on the Core Service List and any Affected Entity.

15.   All notices required by subdivisions Bankruptcy Rules 2002(a)(2), 2002(a)(3), 2002(a)(6), and 4001 shall be served upon:

a.   Each entity designated on the Core Service List; and

b.   When the notice is of a proposed use, sale, lease, or abandonment of property or of a hearing thereon, each entity designated on the most recent Master Service List and each entity having an interest in the property; and

c.   When the notice relates to relief from the stay in order to take action against property of the Debtor's estate, each entity having a lien, encumbrance, or interest in the subject property; and

d.   When the notice relates to use of cash collateral or obtaining credit, each entity who has an interest in the cash collateral or each entity who has a lien or other interest in property on which a lien is proposed to be granted; and

e.   When the notice is of a proposed compromise or settlement or of a hearing thereon, each entity designated on the most recent Master Service List and each entity who is a party to the compromise or settlement; and

f.   When the notice is of an application for compensation or reimbursement of expenses or of a hearing thereon, each entity designated on the most recent Master Service List and each professional person who is seeking compensation or reimbursement whose retention in this case is authorized by the Court.

16.   <u>Service by Email</u>.  All Court Filings shall be electronically filed using the ECF System and served via email (where available) as provided in these Case Management Procedures,

which shall be deemed to constitute proper service for all parties who are sent such email service,

provided, however, that notwithstanding the foregoing and paragraph 18 below, (a) a summons

and complaint in an adversary proceeding shall not be served by email and (b) documents filed

under seal shall not be served.   In accordance with Bankruptcy Rule 9036, the "Notice of

Electronic Filing" that is automatically generated and sent via email by the ECF System shall

constitute proper, sufficient and effective service by email for those parties who are, or whose

agents are, registered attorney users of the ECF System (collectively, the "ECF System Users").

Therefore, a party filing a Court Filing that is served on the ECF System Users via the ECF System

has no further obligation to serve such Court Filing on the ECF System Users, provided that service

to an ECF System User shall not be effective if the filing party receives notice that service of the

Court Filing did not reach the ECF System User.

     a.      Consent to Electronic Service.  Each creditor or party in interest that files a 2002 Notice Request shall be deemed to have consented to service of all Court Filings solely by electronic transmission, unless such creditor or party in interest has included a Certification opting out of such service.

     b.      Email Subject Line.  With respect to the service of any Court Filing, the subject line of the email shall include: (i) the Debtor's case name and case number (*In re DirectBuy Home Improvement, Inc.*, Case No. 23-19159 (SLM); (ii) the name of the party serving such Court Filing and (iii) the title of the Court Filing being served.  If the title of the Court Filing is too long to fit reasonably within the subject line of the email, the subject line shall contain a shortened version of such title and the text of the email shall contain the full name of such Court Filing.

     c.      Email Attachments.  All Court Filings served by email shall include access to a computer file containing the entire document (including any proposed form of order and exhibits, attachments, or other materials) in PDF format, readable by Adobe Acrobat or other equivalent document reader programs commonly available without cost.  The relevant Court Filing shall either be attached to the email in a format specified above or the email shall contain a link to such filing in such format.

     d.      Effective Date of Service.  Service by email on a party shall be effective as of the earlier of: (i) the date the Court Filing (or a notice stating that the Court Filing cannot be attached but is available on the ECF System or the

Case Website) is transmitted by email to the address provided by such party; or (ii) the date the Court Filing is posted on the ECF System where service on such ECF System User via the ECF System is proper under these Case Management Procedures.

17.    <u>Certificates of Service</u>.  The certificate of service for each filing must be filed with the Court together with the complete service list that was utilized and served for a particular filing but said certificate of service is not to be served via hard copy on the recipients of the filing.

18.    <u>Service in Adversary Proceedings</u>.  All filings in adversary proceedings shall be served, pursuant to Bankruptcy Rule 7005, upon all parties to the adversary proceeding, all parties known to have a particularized interest in the subject of such adversary proceeding and the parties listed on the Core Service List.  Any summons, complaint or motion initiating an adversary proceeding shall be served in hard copy format, pursuant to Bankruptcy Rule 7004, upon the party or parties against whom relief is sought, all parties known to have a particularized interest in the subject of such proceeding, and the parties listed on the Core Service List.  Absent leave of the Court, responsive pleadings shall be filed only by defendants in adversary proceedings and/or by parties in interest who seek to be joined or to dismiss for failure to join a necessary party.

19.    <u>Service of Orders</u>.  The Claims Agent shall post all entered orders on the Case Website.  All parties submitting orders shall serve a confirmed copy of any entered order on the parties that were entitled to service of the underlying Request for Relief in accordance with these Case Management Procedures, except as otherwise provided by an order of the Court.

20.    <u>Service Upon United States Trustee</u>.  Pursuant to the General Order Governing Procedures for Complex Chapter 11 Cases, the Office of the United States Trustee for Region III—New Jersey Office requires service upon it of all pleadings and papers, including but not limited to petitions, schedules, statements of financial affairs, plan, disclosure statement, and monthly

66711/0001-46266612

operating reports, in hard copy format regardless of whether the United States Trustee's Office receives same electronically.

21. <u>Right to Request Special Notice Procedures</u>. Nothing herein shall prejudice the rights of any party in interest to seek an amendment or waiver of the provisions of the Case Management Procedures upon a showing of good cause, including, without limitation, the right to file a motion seeking emergency ex parte relief or relief upon shortened notice.

**IV.   <u>Additional Case Management Procedures</u>**

22. <u>Adequate Notice</u>. Notice and service accomplished in accordance with the provisions set forth in these Case Management Procedures shall be deemed adequate in all respects pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

23. <u>Computation of Time</u>. Unless otherwise specified, all time periods referenced in these Case Management Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

24. <u>Extensions of Time</u>. If a Motion to extend the time for a party to take any action is filed consistent with these Case Management Procedures before the expiration of the period prescribed by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules or the provisions of any order entered by this Court, the time shall automatically be extended until the Court acts on the Motion, without the necessity for the entry of a bridge order. If the Court denies such Motion to extend, then the applicable action must be completed no later than 5:00 p.m., prevailing Eastern Time, on the first business day after the Court enters such order.

25. <u>Effect of the Case Management Procedures</u>. The Bankruptcy Rules and the Local Rules shall continue to apply to all proceedings in this Chapter 11 Case, except to the extent that any provision of these Case Management Procedures by its terms supersedes or is inconsistent with such rules.

66711/0001-46266612

26.    <u>Modification of Order</u>.  Any party may at any time apply for reconsideration or modification of the Order approving these Case Management Procedures.  Service of said motion shall be made to all persons/entities on the Master Service List.  The court may amend the Case Management Procedures from time to time as is necessary.

66711/0001-46266612