**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Facsimile
Michael D. Sirota, Esq. (msirota@coleschotz.com)
Warren A. Usatine, Esq. (wusatine@coleschotz.com)
David M. Bass, Esq. (dbass@coleschotz.com)
Matteo Percontino, Esq. (mpercontino@coleschotz.com)

*Attorneys for Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| DIRECTBUY HOME IMPROVEMENT, INC., | Case No. 23-19159 (SLM) |
| Debtor.[1] | **Related to Docket No. 458** |

**NOTICE OF FILING OF PLAN SUPPLEMENT**

PLEASE TAKE NOTICE that on March 5, 2024, the above-captioned debtor and debtor-in-possession (the "**Debtor**") filed the *Amended Plan of Liquidation of DirectBuy Home Improvement, Inc. Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 458] (as may be amended, supplemented, revised or modified, including all exhibits thereto, the "**Plan**").[2]

*[Remainder of Page Intentionally Left Blank]*

---

[1] The debtor's last four digits of its federal tax identification number is 4292.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan or the Disclosure Statement, as applicable.

66711/0002-47321638v1

**PLEASE TAKE FURTHER NOTICE** that in connection with the Plan, the Debtor hereby files the Plan Supplement, which is attached hereto as **<u>Exhibit 1</u>**.

Dated: April 1, 2024

COLE SCHOTZ P.C.

By:___/s/ Michael D. Sirota_____
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
David M. Bass, Esq.
Matteo Percontino, Esq.
Court Plaza North
25 Main Street
Hackensack, NJ 07601
Telephone: (201) 489-3000
Facsimile: (201) 489-1536
Email: msirota@coleschotz.com
        wusatine@coleschotz.com
        dbass@coleschotz.com
        mpercontino@coleschotz.com

*Attorneys for Debtor*
*and Debtor in Possession*

## **EXHIBIT 1**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re:<br><br>DIRECTBUY HOME IMPROVEMENT, INC.,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 23-19159 (SLM)<br><br>**Related to Docket No. 458** |

## PLAN SUPPLEMENT

This Plan Supplement contains documents filed in connection with the *Amended Plan of Liquidation of DirectBuy Home Improvement, Inc. Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 458] (as may be amended, supplemented, revised or modified, including all exhibits thereto, the "**Plan**").[2]  Included in this Plan Supplement are the following:

**Exhibit A** – **Liquidation Trust Agreement**

**Exhibit B** – **Liquidation Trust Expense Reserve**

**Exhibit C** – **Identity and Compensation of Liquidation Trustee**

**Exhibit D** – **Identity of Liquidation Trust Advisory Committee**

**Exhibit E** – **Liquidation Trust Claims Reserve**

*[Remainder of Page Intentionally Left Blank]*

---

[1]  The debtor's last four digits of its federal tax identification number is 4292.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan or the Disclosure Statement, as applicable.

66711/0002-47321638v1

The Debtor reserves the right to alter, amend, update, supplement, or modify the Plan Supplement.

Dated: April 1, 2024                              COLE SCHOTZ P.C.

By: _____/s/ Michael D. Sirota_____
     Michael D. Sirota, Esq.
     Warren A. Usatine, Esq.
     David M. Bass, Esq.
     Matteo Percontino, Esq.
     Court Plaza North
     25 Main Street
     Hackensack, NJ 07601
     Telephone: (201) 489-3000
     Facsimile: (201) 489-1536
     Email: msirota@coleschotz.com
            wusatine@coleschotz.com
            dbass@coleschotz.com
            mpercontino@coleschotz.com

     *Attorneys for Debtor*
     *and Debtor in Possession*

# EXHIBIT A

## Liquidation Trust Agreement

## LIQUIDATION TRUST AGREEMENT AND DECLARATION OF TRUST

This liquidation trust agreement and declaration of trust (the "**Agreement**"), dated as of April [•], 2024, is made by and between DirectBuy Home Improvement, Inc., the debtor and debtor in possession (collectively, the "**Debtor**") in its chapter 11 bankruptcy case (the "**Chapter 11 Case**") pending in the United States Bankruptcy Court for the District of New Jersey (the "**Bankruptcy Court**"), and Alexandre Zyngier (the "**Trustee**," and together with the Debtor, each, a "**Party**" and collectively, the "**Parties**").

## RECITALS

A.    On October 16, 2023, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the Bankruptcy Court. The Chapter 11 Case is entitled *DirectBuy Home Improvement, Inc.*, Case No. 23-19159 (SLM).

B.    On October 26, 2023, the Office of the United States Trustee for the District of New Jersey (the "**U.S. Trustee**") appointed the Official Committee of Unsecured Creditors (the "**Creditors' Committee**") in the Chapter 11 Case. Immediately prior to the date hereof, the Creditors' Committee consisted of (i) Simon Property Group, Inc., (ii) Brookfield Properties Retail, Inc., (iii) Second Paramus Associates, LLC, (iv) Giltner Logistics, Inc., and (v) Terreno 139th LLC.

C.    On March 5, 2024, the Debtor filed the *First Amended Plan of Liquidation of DirectBuy Home Improvement, Inc. Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 458] (as further modified, supplemented, amended, and thereafter confirmed, the "**Plan**").[1]

D.    On April [•], 2024, the Bankruptcy Court entered an order confirming the Plan [Docket No. •] (the "**Confirmation Order**") and on [        ], 2024 (the "**Effective Date**"), the Plan became effective.

E.    The Plan provides for the establishment of the Liquidation Trust (the "**Trust**") on the Effective Date.

F.    The Confirmation Order provides for the appointment of the Trustee as the Liquidation Trustee of the Trust, and the Plan and this Agreement provide for the appointment as necessary of any successor Liquidation Trustee of the Trust.

G.    The Trust is established for the benefit of the holders of Beneficial Trust Interests entitled to certain distributions under Article III of the Plan (each a "**Beneficiary**" and collectively, the "**Beneficiaries**").

H.    The Trust is established for the primary purpose of liquidating the Liquidation Trust Assets and making distributions in accordance with the Plan, Confirmation Order, and this Agreement, with no objective to continue or engage in the conduct of a trade or business, except

---

[1] Capitalized terms used but noted defined herein shall have the meanings ascribed to them in the Plan.

to the extent reasonably necessary to, and consistent with, the liquidating purposes of the Liquidation Trust.

I.    Pursuant to the Plan, the Debtor, Trust, Trustee, and Beneficiaries are required to treat, for all federal income tax purposes, the transfer of the Liquidation Trust Assets to the Trust as a transfer of the Liquidation Trust Assets by the Debtor to the Beneficiaries in satisfaction of their Allowed Claims, followed by a transfer of the Liquidation Trust Assets by the Beneficiaries to the Trust in exchange for the beneficial interest herein, and to treat the Beneficiaries as the grantors and owners of the Trust for federal income tax purposes.

J.    Pursuant to the Plan, the Trust is intended for federal income tax purposes to (i) be treated as a grantor trust within the meaning of sections 671-679 of the Internal Revenue Code of 1986, as amended, and (ii) qualify as a liquidating trust within the meaning of Treasury Regulation section 301.7701-4(d).

K.    In accordance with the Plan, the Trust is further intended to be exempt from the requirements of, pursuant to section 1145 of the Bankruptcy Code, the Securities Exchange Act of 1933, as amended, and any applicable state and local laws requiring registration of securities.

NOW, THEREFORE, in accordance with the Plan and the Confirmation Order, and in consideration of the promises, and the mutual covenants and agreements of the Parties contained in the Plan and herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and affirmed, the Parties agree and declare as follows:

## DECLARATION OF TRUST

The Debtor and the Trustee enter into this Agreement to effectuate the distribution of the Liquidation Trust Assets to the Beneficiaries pursuant to, and to the extent set forth in, the Plan and the Confirmation Order;

Pursuant to Article IV.C.2 of the Plan, the Confirmation Order, and Section 2.3 of this Agreement, all right, title, and interest in, under, and to the Liquidation Trust Assets shall be absolutely and irrevocably transferred to the Trust and to its successors in trust and its successors and assigns;

TO HAVE AND TO HOLD unto the Trustee and its successors in trust; and

IT IS HEREBY FURTHER COVENANTED AND DECLARED, that the Liquidation Trust Assets and all other property held from time to time by the Trust under this Agreement and any proceeds thereof and earnings thereon (collectively, "**Trust Assets**") are to be held by the Trust and applied on behalf of the Trust by the Trustee on the terms and conditions set forth herein and in the Plan, solely for the benefit of the Beneficiaries and for no other party.

Error! Unknown document property name.

# ARTICLE I.
# RECITALS, PLAN DEFINITIONS, OTHER DEFINITIONS, INTERPRETATION, AND CONSTRUCTION

1.1     <u>Recitals</u>. The Recitals are incorporated into and made terms of this Agreement.

1.2     <u>Definitions</u>. For purposes of this Agreement:

    1.2.1     "<u>Disputed Beneficiaries Claims</u>" means any Class 5 Claim that is a Disputed Claim within the meaning of the Plan.

1.3     <u>Interpretation; Headings</u>. All references herein to specific provisions of the Plan or Confirmation Order are without exclusion or limitation of other applicable provisions of the Plan or Confirmation Order.  Words denoting the singular number shall include the plural number and vice versa, and words denoting one gender shall include the other gender. The headings in this Agreement are for convenience of reference only and shall not limit or otherwise affect the provisions of this Agreement.

1.4     <u>Construction of Agreement</u>. This Agreement shall not be construed to impair or limit in any way the rights of any Person under the Plan.

1.5     <u>Conflict Between Plan Documents</u>. The principal purpose of this Liquidation Trust Agreement is to aid in the implementation of the Plan and, therefore, this Liquidation Trust Agreement incorporates and is subject to the provisions of the Plan and the Confirmation Order. In the event any provision of this Liquidation Trust Agreement is found to be inconsistent with a provision of the Plan or the Confirmation Order, the provision of the Plan or the Confirmation Order shall control.

# ARTICLE II.
# ESTABLISHMENT OF TRUST

2.1     <u>Effectiveness of Agreement; Name of Trust</u>. This Agreement shall become effective on the Effective Date.  The Trust shall be officially known as the "**DirectBuy Home Improvement Liquidation Trust**."

2.2     <u>Purpose of Trust</u>. The Debtor and the Trustee, pursuant to the Plan, hereby create the Trust for the primary purpose of liquidating the Trust Assets and making distributions in accordance with the Plan, Confirmation Order and this Agreement, with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purposes of the Trust.

2.3     <u>Transfer of Trust Assets</u>.

    2.3.1     <u>Conveyance of Liquidation Trust Assets</u>. Pursuant to the Plan, the Debtor hereby grants, releases, assigns, transfers, conveys, and delivers the Liquidation Trust Assets to the Trust as of the Effective Date in trust for the benefit of the Beneficiaries to be administered and applied as specified in this Agreement and the Plan.  Until the expiration or termination of this Agreement, the Debtor shall, from time to time, as and when reasonably requested by the

3

Trustee, execute and deliver or cause to be executed and delivered all such documents (in recordable form where necessary or appropriate) and the Debtor shall take or cause to be taken such further action as the Trustee may reasonably deem necessary or appropriate, to vest or perfect in the Trust or confirm to the Trustee title to and possession of the Liquidation Trust Assets.  The Trustee shall have no duty to arrange for any of the transfers contemplated under this Agreement or by the Plan or to ensure their compliance with the terms of the Plan and the Confirmation Order, and shall be conclusively entitled to rely on the legality and validity of such transfers.

2.3.2   <u>Title to Trust Assets</u>. Pursuant to the Plan, all of the Debtor's right, title and interest in and to the Liquidation Trust Assets, including all such assets held or controlled by third parties, are automatically vested in the Trust on the Effective Date, free and clear of all liens, claims, encumbrances, and other interests, except as specifically provided in the Plan or the Confirmation Order, for the benefit of the Beneficiaries.  The Trust shall be authorized to obtain possession or control of, liquidate, and collect all of the Liquidation Trust Assets in the possession or control of third parties, consistent with the provisions of the Plan and Confirmation Order.  On the Effective Date, the Trust shall stand in the shoes of the Debtor for all purposes with respect to the Liquidation Trust Assets and administration of the Claims; *provided that*, for the avoidance of doubt, (i) the Trustee shall be the authorized representative under section 1123(b)(s)(b) of the Bankruptcy Code to pursue any Retained Causes of Action to the extent provided under the Plan and this Agreement and (ii) trustee shall not be deemed an insured under any applicable directors and officers policy(ies) and shall not be deemed to assert any claim by or on behalf of the Debtor.  To the extent any law or regulation prohibits the transfer of ownership of any of the Liquidation Trust Assets from the Debtor to the Trust and such law is not superseded by the Bankruptcy Code, the Trust's interest shall be a lien upon and security interest in such Liquidation Trust Assets, in trust, nevertheless, for the sole use and purposes set forth in Section 2.2 of this Agreement, and this Agreement shall be deemed a security agreement granting such interest thereon without need to file financing statements or mortgages.  By executing this Agreement, the Trustee on behalf of the Trust hereby accepts all of such property as Liquidation Trust Assets, to be held in trust for the Beneficiaries, subject to the terms of this Agreement and the Plan.

2.4   <u>Capacity of Trust</u>. Notwithstanding any state or federal law to the contrary or anything herein, the Trust shall itself have the capacity, in its own right and name, to act or refrain from acting, including the capacity to sue and be sued and to enter into contracts.  The Trust may alone be the named movant, respondent, party plaintiff or defendant, or the like in all adversary proceedings, contested matters, and other state or federal proceedings brought by or against it, and may settle and compromise all such matters in its own name.

2.5   <u>Acceptance by Trustee</u>. The Trustee accepts its appointment as Liquidation Trustee of the Trust.

## ARTICLE III.
## LIQUIDATION TRUST ADVISORY COMMITTEE

3.1   <u>Liquidation Trust Advisory Committee</u>. The Liquidation Trust Advisory Committee (the "**Advisory Committee**") will consist of up to two (2) members, consisting on

4

the Effective Date of (i) Simon Property Group, Inc.; and (ii) Brookfield Properties Retail, Inc. (the "**Advisory Committee Members**" and each individually a "**Advisory Committee Member**").  Should either Advisory Committee Member resign from, or otherwise become unable or unwilling to perform his or her duties as an Advisory Committee Member, a replacement may be selected by the remaining one (1) Advisory Committee Member, subject to the Trustee's prior written consent.  In either scenario, prior to the time that a replacement Advisory Committee Member is selected, the sole remaining member of the Advisory Committee shall be entitled to act and make decisions on behalf of the Advisory Committee in accordance with this Agreement.  Furthermore, to the extent that both Advisory Committee Members resign from, or otherwise become unable or unwilling to perform their duties as Advisory Committee Members, the Trustee shall be authorized, but not required, to appoint replacement Advisory Committee Members, provided that such committee member(s) shall be independent and unaffiliated with the Trustee and to the extent that the Trustee determines, in its sole discretion, to replace the Advisory Committee Members and the Trustee cannot find any such member(s) willing to serve without compensation, the Advisory Committee shall be deemed dissolved and the Trustee shall be authorized to act and make decisions without further consultation, if necessary, with the Advisory Committee.  A majority vote of the Advisory Committee Members shall constitute an act or decision of the Advisory Committee; provided, however, if the Advisory Committee Members cannot agree on an act or decision of the Advisory Committee; provided, further, however, that any such vote, act, or decision shall not be binding on the Trustee.  The Advisory Committee shall hold meetings, which may be telephonic, from time to time as requested by the Trustee or the Advisory Committee.

3.2     Reports to the Advisory Committee. Notwithstanding any other provision of this Agreement, the Trustee shall report to the Advisory Committee from time to time as reasonably requested by the Advisory Committee.  The Advisory Committee shall keep all such information strictly confidential.

3.3     Actions Requiring Consultation of the Advisory Committee. Without limiting any other requirements set forth in this Agreement, the Plan, or the Confirmation Order, the Trustee shall consult the Advisory Committee prior to taking any action regarding any of the following:

3.3.1    The commencement, prosecution, settlement, compromise, withdrawal, abandonment, or other resolution of Retained Causes of Action and all other claims and causes of action included among the Trust Assets where the amount of proceeds sought to be recovered in the complaint or other document initiating such claims or causes of action exceeds $250,000;

3.3.2    The prosecution of objections to Disputed Claims in Class 5, or the settlement, compromise, withdrawal, or other resolution of any such Disputed Claims, where the amount of the asserted Claim exceeds $500,000;

3.3.3    Making any distribution to the Beneficiaries in accordance with the Plan and this Agreement; and

3.3.4    The exercise of any right or action set forth in this Agreement that expressly requires consultation with the Advisory Committee.

5

3.4      Joint Interest.  Privileged communications may be shared among the Liquidation Trustee and the Advisory Committee without compromising the privileged nature of the communications in accordance with the "joint interest" doctrine.

## ARTICLE IV.
## ADMINISTRATION OF TRUST

4.1      Rights, Powers, and Privileges of Trustee Generally. Except as otherwise provided in this Agreement, the Plan, or the Confirmation Order, as of the date that the Trust Assets are transferred to the Trust, the Trustee on behalf of the Trust may control and exercise authority over the Trust Assets, over the acquisition, management, and disposition thereof, and over the management and conduct of the affairs of the Trust.  In administering the Trust Assets, the Trustee shall endeavor not to unduly prolong the Trust's duration, with due regard that undue haste in the administration of the Trust Assets may fail to maximize value for the benefit of the Beneficiaries and otherwise be imprudent and not in the best interests of the Beneficiaries.

4.1.1      Power to Contract. In furtherance of the purpose of the Trust, and except to the extent inconsistent with the Plan, Confirmation Order, or this Agreement, the Trustee shall have the right and power on behalf of the Trust, and also may cause the Trust, to enter into any covenants or agreements binding the Trust, and to execute, acknowledge, and deliver any and all instruments that are necessary or deemed by the Trustee to be consistent with and advisable in furthering the purpose of the Trust.

4.1.2      Ultimate Right to Act Based on Advice of Counsel or Other Professionals. Nothing in this Agreement shall be deemed to prevent the Trustee from taking or refraining to take any action on behalf of the Trust that, based upon the advice of counsel or other professionals, the Trustee determines it is obligated to take or to refrain from taking in the performance of any duty under the Plan, Confirmation Order, or this Agreement. Notwithstanding the foregoing, nothing in this Agreement shall be deemed to prevent the Trustee from taking or refraining to take any action on behalf of the Trust that the Trustee determines in an exercise of his business judgement is in the best interests of the Trust or Beneficiaries, or that the Trustee feels obligated to take or to refrain from taking in the performance of any duty under the Plan, Confirmation Order, or this Agreement.

4.2      Powers and Duties of Trustee. Without limiting the generality of the above Section 4.1, in addition to the powers granted in the Plan, the Trustee shall have the powers and duties to take the following actions on behalf of the Trust and any powers reasonably incidental thereto that the Trustee, in its reasonable discretion, deems necessary or appropriate to fulfill the purpose of the Trust, all without the need for approval of the Bankruptcy Court other than the Confirmation Order, unless otherwise specifically limited or restricted by the Plan or this Agreement:

4.2.1      To act on behalf of the Liquidation Trust, including the right to effect all actions and execute all agreements, instruments, and other documents, and exercise all rights and privileges previously held by the Debtor in respect of the Trust Assets, necessary or convenient to implement the provisions of the Plan and this Agreement;

Error! Unknown document property name.

4.2.2    With respect to any Trust Asset, to exercise in a manner not inconsistent with the Plan all power and authority that may be or could have been exercised, commence or continue all proceedings that may be or could have been commenced or continued and take all actions that may be or could have been taken by any member, officer, director, or shareholder of the Debtor with like effect as if authorized, exercised and taken by unanimous action of such officers, directors and shareholders, including, without limitation,

4.2.3    To take all necessary action to dissolve the Debtor;

4.2.4    To file tax returns and pay taxes, and challenge, dispute, negotiate and resolve the assessment of any of the foregoing by any foreign, domestic, federal, state, local or other taxing authority, as necessary;

4.2.5    To manage, monitor and enforce all of the Debtor's and the Estate's rights, and interests under the Plan, the Confirmation Order, this Agreement, any other agreements of the Debtor, and any other Orders of the Bankruptcy Court;

4.2.6    To establish, maintain and adjust as may be appropriate, the Liquidation Trust Expense Reserve, *provided that* the Trustee, and to authorize and make disbursements from the Liquidation Trust Expense Reserve, including disbursements necessary or appropriate in connection with winding down the Estate;

4.2.7    To establish bank account(s) for the Trust;

4.2.8    To authorize and make through the Distribution Agent (as necessary), distribution to holders of Beneficial Trust Interests provided for or contemplated under the Plan or this Agreement;

4.2.9    Except to the extent set forth in the Plan, to object to and/or compromise any Claims regardless of whether such Claim was Disputed on the Effective Date,  without supervision or approval of the Bankruptcy Court, free of any restriction of the Bankruptcy Code, the Bankruptcy Rules, the local rules of the Bankruptcy Court, and the guidelines and requirements of the U.S. Trustee, other than those restrictions expressly imposed by the Plan, the Confirmation Order, or this Agreement; *provided that* the Trustee shall first seek to consult the Advisory Committee, as necessary, in accordance with Section 3.3 of this Agreement, and *further provided however that* that nothing in the Plan or this Agreement will be deemed to extend the deadline for initiating a Challenge as set forth in the Final DIP/Cash Collateral Order;

4.2.10   To make decisions, without further Bankruptcy Court approval, regarding the retention or engagement of professionals, employees, and consultants by the Liquidation Trust and the Liquidation Trustee and to pay the fees and charges incurred by the Liquidation Trustee on the Liquidation Trust's behalf on or after the Effective Date for fees and expenses of professionals (including those retained by the Liquidation Trustee), disbursements, expenses, or related support services relating to the Liquidation Trust from the Liquidation Trust Expense Reserve;

4.2.11   To (a) file, if necessary, any and all tax and information returns required with respect to the Liquidation Trust as a grantor trust pursuant to Treas. Reg. 1.671-4(a) or

otherwise, (b) make tax elections by and on behalf of the Liquidation Trust, and (c) pay taxes, if any, payable by the Liquidation Trust;

4.2.12    To take all other actions not inconsistent with the provisions of the Plan that the Liquidation Trustee deems reasonably necessary or desirable with respect to administering the Plan;

4.2.13    To implement and/or enforce all applicable provisions of the Plan, including entering into any agreement or executing any document required by or consistent with the Plan, the Confirmation Order or this Agreement;

4.2.14    To abandon in any commercially reasonable manner, including abandonment or donation to a charitable organization of its choice, any Trust Asset in the reasonable business judgment of the Liquidation Trustee subject to section 4.4;

4.2.15    Except as otherwise set forth herein, to prosecute and/or settle any Retained Causes of Action, with or without approval of the Bankruptcy Court, and exercise, participate in, or initiate any proceeding before the Bankruptcy Court or any other court of appropriate jurisdiction and participate as a party or otherwise in any administrative, arbitrative or other nonjudicial proceeding and pursue to settlement or judgment such Retained Causes of Action;

4.2.16    To purchase or create and carry all insurance policies and pay all insurance premiums and costs the Liquidation Trustee deems necessary or advisable;

4.2.17    To collect and liquidate and/or distribute all Liquidation Trust Assets pursuant to the Plan, the Confirmation Order, and this Agreement;

4.2.18    To calculate and make all distributions on behalf of the Trust to the Beneficiaries provided for in, or contemplated by, the Plan and this Agreement;

4.2.19    To establish, adjust, and maintain any reserves for Disputed Beneficiaries Claims or other Claims administered by the Trust;

4.2.20    To hold any legal title to any and all of the Liquidation Trust Assets;

4.2.21    If any of the Liquidation Trust Assets are situated in any state or other jurisdiction in which the Liquidation Trustee is not qualified to act as trustee, to nominate and appoint a Person duly qualified to act as trustee in such state or jurisdiction and require from each such trustee such security as may be designated by the Liquidation Trustee in its discretion; confer upon such trustee all the rights, powers, privileges and duties of the Liquidation Trustee hereunder, subject to the conditions and limitations of the Liquidation Trust Agreement, except as modified or limited by the Liquidation Trustee and except where the conditions and limitations may be modified by the laws of such state or other jurisdiction (in which case, the laws or the state or jurisdiction in which the trustee is acting will prevail to the extent necessary); require such trustee to be answerable to the Liquidation Trustee for all monies, assets and other property that may be received in connection with the administration of all property; and remove such trustee, with or without cause, and appoint a successor trustee at any time by the execution

8

by the Liquidation Trustee of a written instrument declared such trustee removed from office, and specifying the effective date and time of removal;

4.2.22   To retain and/or accept as assignee any and all insurance policies of the Debtor;

4.2.23   In reliance upon the Debtors' Schedules and the claims register maintained in the Chapter 11 Case, maintain a register evidencing the beneficial interest herein held by each Beneficiary and, in accordance with Section 4.8 of this Agreement; and

4.2.24   Exercise such other powers as may be vested in or assumed by the Liquidation Trustee pursuant to the Plan, this Agreement, the Confirmation Order, other orders of the Bankruptcy Court, or as may be necessary and proper to carry out the provisions of the Plan.  Solely with respect to any Trust Asset, the Liquidation Trustee shall stand in the same position as the Debtor with respect to any claim the Debtor may have to an attorney-client privilege, the work-product doctrine, or any other privilege, and the Liquidation Trustee shall succeed to all of the Debtor's rights to preserve, assert, or waive any such privilege.

4.3     <u>Authority</u>. No Person dealing with the Trust shall be obligated to inquire into the Trustee's authority in connection with the receipt, preservation, management, or disposition of Trust Assets.

4.4     <u>Abandonment</u>. If, in the Trustee's reasonable judgment, (i) any non-Cash Trust Assets cannot be sold in a commercially reasonable manner (if applicable) or the Trustee believes in good faith that such property has inconsequential value to the Trust or its Beneficiaries and/or (ii) that the cost of any distribution(s) to Beneficiaries would reasonably exceed the cost of making such distribution(s), the Trustee shall have the right to cause the Trust to abandon or otherwise dispose of such property, including by donation of such property to a charitable organization.

4.5     <u>Responsibility for Administration of Claims</u>. From and after the Effective Date, the Trust shall be responsible for administering and making distributions provided for under the Plan to the Beneficiaries.  Except as expressly provided otherwise in the Plan, and except to the extent the applicable Claims have been previously Allowed prior to the Effective Date, the Trustee shall control and effectuate the Claims reconciliation, objection and resolution process for Priority Claims, Administrative Claims, Class 5 Claims, and other Claims, including to object to, seek to subordinate, compromise or settle any such Claims, without any further notice to or action, order or approval by the Bankruptcy Court (unless sought by the Trustee).  The Trust and Trustee shall be entitled to assert all of the Debtor's and the Estate's rights under, without limitation, section 558 of the Bankruptcy Code.  The Trust also may seek estimation of any Claims under and subject to section 502(c) of the Bankruptcy Code.  For the avoidance of doubt, any distribution under the Plan in respect of Class 4 Claims to be made to the Prepetition Lender shall be made by the Debtor (and not the Trustee) on the Effective Date.

4.6     <u>Agents and Professionals</u>. The Trustee may, but shall not be required to, consult with and retain attorneys, financial advisors, accountants, appraisers, and other professionals the Trustee believes have qualifications necessary to assist in the administration of the Trust,

Error! Unknown document property name.

including professionals previously retained by the Debtor or the Creditors' Committee. For the avoidance of doubt, and without limitation of applicable law, nothing in this Agreement shall limit the Trustee from engaging counsel or other professionals, including the Trustee itself or the Trustee's firm or their affiliates, to perform work for the Trust. The Trustee may pay the reasonable salaries, fees, and expenses of such Persons out of the Liquidation Trust Expense Reserve in the ordinary course of business.

4.7    Safekeeping and Investment of Trust Assets. All moneys and other assets (if any) received by the Trust shall, until distributed or paid over as provided herein and in the Plan, be held in trust for the benefit of the Beneficiaries, but need not be segregated in separate accounts from other Trust Assets, unless and to the extent required by law or the Plan. The Trustee shall not be under any obligation to invest Trust Assets. Neither the Trust nor the Trustee shall have any liability for interest or producing income on any moneys received by them and held for distribution or payment to the Beneficiaries, except as such interest shall actually be received by the Trust or Trustee, which shall be distributed consistent with the Plan. Except as otherwise provided by the Plan, the powers of the Trustee to invest any moneys held by the Trust, other than those powers reasonably necessary to maintain the value of the assets and to further the Trust's liquidating purpose, shall be limited to powers to invest in demand and time deposits, such as short-term certificates of deposit, in banks or other savings institutions, or other temporary liquid investments, such as treasury bills and short-term money market funds; *provided*, *however*, that the scope of permissible investments shall be limited to include only those investments that a liquidating trust, within the meaning of Treas. Reg. § 3.01.7701-4(d), may be permitted to hold pursuant to the Treasury Regulations, or any modification of the IRS guidelines, whether set forth in IRS rulings, IRS pronouncements, or otherwise. Notwithstanding the foregoing, the Trustee shall not be prohibited from engaging in any trade or business on its own account, *provided that* such activity does not interfere or conflict with the purpose, and Trustee's administration, of the Trust.

4.8    Maintenance and Disposition of Trust and Debtor Records. The Trustee shall maintain accurate records of the administration of Trust Assets, including receipts and disbursements and other activity of the Trust. The Trust may, but has no obligation to, engage a claims agent (including, but not limited to, the Noticing, Claims and Balloting Agent) to continue to maintain and update the claims register maintained in the Chapter 11 Case throughout the administration of the Trust. In any case, to the extent of any Class 5 Claims reflected thereon, the claims register may serve as the Trustee's register of beneficial interests held by Beneficiaries. The books and records maintained by the Trustee and any records of the Debtor transferred to the Trust may be disposed of by the Trustee at the later of (i) such time as the Trustee determines that the continued possession or maintenance of such books and records is no longer necessary for the benefit of the Trust or its Beneficiaries and (ii) upon the termination and completion of the winding down of the Trust.

4.9    Reporting Requirements. The Trustee shall comply with post-Confirmation reporting requirements in conformity with the U.S. Trustee guidelines for the Chapter 11 Case until the entry of a final decree or until such Chapter 11 Case is closed or dismissed. The Trustee also shall provide reasonable updates on a semi-annual basis (each a "**Periodic Report**") to the Advisory Committee and the Prepetition Lender regarding the administration of Trust Assets,

Error! Unknown document property name.

including receipts and disbursements, anticipated amount of allowed Class 6 Claims, updates regarding the status of any material claim objections, and other activity of the Trust.

4.10    No Bond Required; Procurement of Insurance. Notwithstanding any state or other applicable law to the contrary, the Trustee (including any successor Trustee) shall be exempt from giving any bond or other security in any jurisdiction and shall serve hereunder without bond.  The Trustee is hereby authorized, but not required to obtain all reasonable insurance coverage for itself, its agents, representatives, employees, or independent contractors, and the Advisory Committee and it members, including, without limitation, coverage with respect to the liabilities, duties and obligations of the Trustee and its agents, representatives, employees or independent contractors, and the Advisory Committee under this Agreement.  The cost of any such insurance coverage shall be an expense of the Trust and paid out of Trust Assets.

**ARTICLE V.**
**DISTRIBUTIONS**

5.1    Distribution and Reserve of Trust Assets. Following the transfer of Trust Assets to the Trust, the Trustee shall make continuing efforts on behalf of the Trust to collect, liquidate, and distribute all Trust Assets, subject to any reserves created by the Trustee.

5.1.1    Distributions. The Trustee in its discretion,  shall cause the Trust to distribute to the Beneficiaries, from time to time, the Trust Assets comprising Cash, net of the Reserves, except the Trust may retain an amount of Cash reasonably necessary to maintain the value of the Trust Assets and/or to meet expenses, claims and contingent liabilities of the Trust and Trustee; *provided that* the Trustee shall have no obligation to make a distribution on account of an Allowed Class 5 Claim if the amount to be distributed to the holder of such Claim is less than $50.00, which shall be treated as a *De Minimus* Distribution under Article V.G of the Plan.

5.1.2    Reserves; Pooling of Reserved Funds. Before any distribution can be made, the Trustee shall, in its reasonable discretion, establish, supplement, and maintain reserves in an amount sufficient to meet any and all reasonable expenses and liabilities of the Trust, including reasonable attorneys' fees and expenses and the fees and expenses of other professionals.  In accordance with Section 4.2.17 of this Agreement, the Trust may also maintain as necessary a reserve for Disputed Beneficiaries Claims.  For the avoidance of doubt, the Trustee may withhold any distribution pending the Trust's determination of whether to object to a Class 5 Claim.  The Trustee need not maintain the Trust's reserves in segregated bank accounts and may pool funds in the reserves with each other and other funds of the Trust; *provided*, *however*, the Trust shall treat all such reserved funds as being held in a segregated manner in its books and records.

5.1.3    Distributions Net of Reserves and Costs. Distributions shall be made net of reserves in accordance with the Plan and this Agreement, and also net of the actual and reasonable out-of-pocket costs of making the distributions to Beneficiaries.

5.1.4    Right to Rely on Professionals. Without limitation of the generality of Section 6.6 of this Agreement, in determining the amount of any distribution or reserves, the

Error! Unknown document property name.

Trustee may rely and shall be fully protected in relying on the advice and opinion of the Trust's financial advisors, accountants, or other professionals.

5.2     <u>Method and Timing of Distributions</u>. Distributions to Beneficiaries will be made from the Trust in accordance with the terms of the Plan (in particular, Article V) and this Agreement, including, without limitation, Section 5.1.1.  The Trust may engage disbursing agents and other Persons to help make distributions.

5.3     <u>Withholding from Distributions</u>. The Trustee, in its discretion, may cause the Trust to withhold from amounts distributable from the Trust to any Beneficiary any and all amounts as may be sufficient to pay the maximum amount of any tax or other charge that has been or might be assessed or imposed by any law, regulation, rule, ruling, directive, or other governmental requirement on such Beneficiary or the Trust with respect to the amount to be distributed to such Beneficiary.  The Trustee shall determine such maximum amount to be withheld by the Trust in its sole, reasonable discretion and shall cause the Trust to distribute to the Beneficiary any excess amount withheld.

5.4     <u>Tax Identification Numbers</u>. As more fully set forth in Article V.F the Plan, the Trustee may require any Beneficiary to furnish its taxpayer identification number as assigned by the Internal Revenue Service, including without limitation by providing an executed current Form W-9, Form W-8 or similar tax form, and may condition any distribution to any Beneficiary upon receipt of such identification number and/or tax form.  If a Beneficiary does not timely provide the Trustee with its taxpayer identification number in the manner and by any reasonable deadline established by the Trustee, then the distribution to such Beneficiary shall be administered as an unclaimed distribution in accordance with Section 5.5 of this Agreement, and any Class 5 Claim in respect of such distribution shall be deemed expunged in its entirety (without further order of the Bankruptcy Court), discharged and barred from assertion against the Trustee, the Trust, or the Trust Assets.

5.5     <u>Unclaimed and Undeliverable Distributions</u>. If any distribution to a Beneficiary is returned to the Trustee as undeliverable or is otherwise unclaimed, no further distributions to such Beneficiary shall be made unless and until the Beneficiary claims the distributions by timely notifying the Trustee in writing of any information necessary to make the distribution to the Beneficiary in accordance with this Agreement, the Plan, and applicable law, including such Beneficiary's then-current address or taxpayer identification number.  If a Beneficiary timely provides the Trustee the necessary information, all missed distributions shall be made to the Beneficiary as soon as is practicable, without interest.  Undeliverable or unclaimed distributions shall be administered in accordance with Article V.I of the Plan.

5.5.1     <u>No Responsibility to Attempt to Locate Beneficiaries</u>. The Trustee may, in its sole discretion, attempt to determine a Beneficiary's current address or otherwise locate a Beneficiary, but nothing in this Agreement or the Plan shall require the Trustee to do so.

5.5.2     <u>Disallowance of Claims; Cancellation of Corresponding Beneficial Interests</u>. All Class 5 Claims in respect of undeliverable or unclaimed distributions shall be held by the Trustee in the Unclaimed Property Reserve for a period of thirty (30) days pursuant to Article V.I. After the expiration of the thirty (30) days, the holders of such disallowed Claim 5

12

Claim shall cease to be entitled thereto and shall be entitled to no further distributions under the Plan, and such Allowed Claims shall be deemed disallowed and expunged in their entirety and the funds shall become unrestricted Trust Assets and redistributed to the other holders of Allowed Claims in accordance with the terms of this Plan, Confirmation Order and Agreement.

       5.5.3   Inapplicability of Unclaimed Property or Escheat Laws. Unclaimed property held by the Trust shall not be subject to the unclaimed property or escheat laws of any state.

       5.6   Voided Checks; Request for Reissuance. Distribution checks issued to Beneficiaries shall be null and void if not negotiated within 90 days after the date of issuance thereof.  Distributions in respect of voided checks shall be treated as unclaimed distributions and administered under Article V.I of the Plan and Section 5.5 of this Agreement.  Requests for reissuance of any check shall be made in writing directly to the Trustee by the Beneficiary that was originally issued such check.  All such requests shall be made promptly and in time for the check to be reissued and cashed before the funds for the checks become unrestricted Trust Assets under Section 5.5 of this Agreement.  The Beneficiary shall bear all the risk that, and shall indemnify and hold the Trust and Trustee harmless against any loss that may arise if, the Trustee does not reissue a check promptly after receiving a request for its reissuance and the date established by Article V.I of the Plan passes without the check being reissued or cashed.

       5.7   Conflicting Claims. If any conflicting claims or demands are made or asserted with respect to the beneficial interest of a Beneficiary under this Agreement, or if there is any disagreement between the assignees, transferees, heirs, representatives, or legatees succeeding to all or a part of such an interest resulting in adverse claims or demands being made in connection with such interest, then, in any of such events, the Trustee shall be entitled, in its sole discretion, to refuse to comply with any such conflicting claims or demands.

       5.7.1   The Trustee may elect to cause the Trust to make no payment or distribution with respect to the beneficial interest subject to the conflicting claims or demand, or any part thereof, and to refer such conflicting claims or demands to the Bankruptcy Court, which shall have continuing jurisdiction over resolution of such conflicting claims or demands as provided for in Article X of the Plan and the Confirmation Order.  Neither the Trust nor the Trustee shall be or become liable to any of such parties for their refusal to comply with any such conflicting claims or demands, nor shall the Trust or Trustee be liable for interest on any funds which may be so withheld.

       5.7.2   The Trustee shall be entitled to refuse to act until either (i) the rights of the adverse claimants have been adjudicated by a Final Order of the Bankruptcy Court; or (ii) all differences have been resolved by a valid written agreement among all such parties to the satisfaction of the Trustee, which agreement shall include a complete release of the Trust and Trustee.  Until the Trustee receives written notice that one of the conditions of the preceding sentence is met, the Trustee may deem and treat the Beneficiary identified as the owner of that interest in the books and records maintained by the Trustee as the absolute owner under this Agreement of the beneficial interest in the Trust.  The Trustee may deem and treat such Beneficiary as the absolute owner for purposes of receiving distributions and any payments on account thereof for federal and state income tax purposes, and for all other purposes whatsoever.

Error! Unknown document property name.

5.7.3    In acting or refraining from acting under and in accordance with this Section 5.7 of the Agreement, the Trustee shall be fully protected and incur no liability to any purported claimant or any other Person pursuant to Article VII of this Agreement.

## ARTICLE VI.
## BENEFICIARIES

6.1    <u>Interest Beneficial Only</u>. The ownership of a beneficial interest in the Trust shall not entitle any Beneficiary to any title in or to the Trust Assets or to any right to call for a partition or division of such assets or to require an accounting.

6.2    <u>Ownership of Beneficial Interests Hereunder</u>. Each Beneficiary shall own a beneficial interest herein which shall, subject to Section 5.1 of this Agreement and the Plan, be entitled to a distribution in the amounts, and at the times, set forth in the Plan and this Agreement.

6.3    <u>Evidence of Beneficial Interest</u>. Ownership of a beneficial interest in the Trust Assets shall not be evidenced by any certificate, security, or receipt or in any other form or manner whatsoever, except as maintained on the books and records of the Trust by the Trustee.

6.4    <u>No Right to Accounting</u>. Other than the Prepetition Lender, neither the Beneficiaries nor their successors, assigns, creditors, nor any other Person shall have any right to an accounting by the Trustee, and the Trustee shall not be obligated to provide any accounting to any Person.  Nothing in this Agreement is intended to require the Trustee at any time or for any purpose to file any accounting or seek approval of any court with respect to the administration of the Trust or as a condition for making any advance, payment, or distribution out of proceeds of Trust Assets.

6.5    <u>No Standing</u>. Except as expressly provided in this Agreement, a Beneficiary shall not have standing to direct or to seek to direct the Trust or Trustee to do or not to do any act or to institute any action or proceeding at law or in equity against any Person upon or with respect to the Trust Assets.

6.6    <u>Requirement of Undertaking</u>. The Trustee may request the Bankruptcy Court to require, in any suit for the enforcement of any right or remedy under this Agreement, or in any suit against the Trustee for any action taken or omitted by it as Trustee, the filing by any party litigant in such suit of an undertaking to pay the costs of such suit, including reasonable attorneys' fees, against any party litigant in such suit; *provided*, *however*, the provisions of this Section 6.6 shall not apply to any suit by the Trustee.

6.7    <u>Limitation on Transferability</u>. It is understood and agreed that the beneficial interests herein shall be non-transferable and non-assignable during the term of this Agreement except by operation of law.  The Trustee shall not have any obligation to recognize any transfer of a Beneficial Trust Interest occurring after the Effective Date.  Exemption from Registration. The rights of the Beneficiaries arising under this Agreement may be deemed "securities" under applicable law.  However, such rights have not been defined as "securities" under the Plan because (i) the parties hereto intend that such rights shall not be securities and (ii) if the rights arising under this Agreement in favor of the Beneficiaries are deemed to be "securities," the

Error! Unknown document property name.

exemption from registration under section 1145 of the Bankruptcy Code is intended to be applicable to such securities.  No party to this Agreement shall make a contrary or different contention.

6.8     Delivery of Distributions. Subject to the terms of this Agreement, the Trustee shall cause the Trust to make distributions to Beneficiaries in the manner provided in, and otherwise in accordance with, the Plan and in this Agreement.

# ARTICLE VII.
## THIRD PARTY RIGHTS AND LIMITATION OF LIABILITY

7.1     Parties Dealing with the Trustee. In the absence of actual knowledge to the contrary, any Person dealing with the Trust or the Trustee shall be entitled to rely on the authority of the Trustee or any of the Trustee's agents to act in connection with the Trust Assets. There is no obligation of any Person dealing with the Trustee to inquire into the validity or expediency or propriety of any transaction by the Trustee or any agent of the Trustee.

7.2     Limitation of Trustee's Liability. In exercising the rights granted herein, the Trustee shall exercise the Trustee's best judgment, to the end that the affairs of the Trust shall be properly managed and the interests of all of the Beneficiaries safeguarded.  However, notwithstanding anything herein to the contrary, neither the Trustee nor its firms, companies, affiliates, partners, officers, directors, members, employees, professionals, advisors, attorneys, financial advisors, investment bankers, disbursing agents, or agents, the Advisory Committee and each Advisory Committee Member, and any of such Person's successors and assigns (all collectively, the "Trust Parties")shall incur any responsibility or liability by reason of any error of law or fact or of any matter or thing done or suffered or omitted to be done under or in connection with this Agreement, the Plan, the Confirmation Order, the Trust or the Chapter 11 Cases, whether sounding in tort, contract, or otherwise, except for fraud, gross negligence, or willful misconduct that is found by a final judgment (not subject to further appeal or review) of a court of competent jurisdiction to be the sole cause of loss, liability, damage, or expense suffered by the Trust. In no event shall the Trust Parties be liable for indirect, punitive, special, incidental or consequential damage or loss (including but not limited to lost profits) whatsoever, even if any of the Trust Parties have been informed of the likelihood of such loss or damages and regardless of the form of action. Without limiting the foregoing, the Trustee and Advisory Committee shall be entitled to the benefits of any limitation of liability and exculpation provisions set forth in the Plan and Confirmation Order.

7.3     No Liability for Acts of Other Persons. None of the Persons identified in the immediately preceding Section 7.2 of this Agreement shall be liable for the act or omission of any other Person identified in that Section.

7.4     No Liability for Acts of Predecessors. No successor Trustee shall be in any way responsible for the acts or omissions of any Trustee in office prior to the date on which such successor becomes the Trustee, unless a successor Trustee expressly assumes such responsibility.

7.5     No Liability for Good Faith Error of Judgment. The Trust Parties shall not be liable for any error of judgment made in good faith, unless it shall be finally determined by a

Error! Unknown document property name.

final judgment of a court of competent jurisdiction (not subject to further appeal or review) that any such Trust Parties was grossly negligent in ascertaining the pertinent facts.

7.6    Reliance by Trustee on Documents and Advice of Counsel or Other Persons. Except as otherwise provided herein, the Trust Parties may rely and shall be protected in acting upon any resolution, certificate, statement, instrument, opinion, report, notice, request, register, consent, order or other paper or document believed by them to be genuine and to have been signed or presented by the proper party or parties.  The Trustee also may engage and consult with its legal counsel and other agents and advisors, and shall not be liable for any action taken, omitted, or suffered by the Trustee in reliance upon the advice of such counsel, agents, or advisors. The Trust Parties may accept and rely upon any accounting made by or on behalf of the Debtor any statement or representation made by the Debtor or their respective agents and professionals as to the assets comprising the Trust Assets or as to any other fact bearing upon the creation of the Trust, the Claims Register and/or Holders of Claims.

7.7    No Liability for Acts Approved by Bankruptcy Court. The Trustee shall have the right at any time to seek instructions from the Bankruptcy Court concerning the administration or disposition of the Trust Assets and Class 5 Claims required to be administered by the Trust.  The Trustee shall not be liable for any act or omission that has been approved by the Bankruptcy Court, and all such actions or omissions shall conclusively be deemed not to constitute fraud, gross negligence, or willful misconduct.

7.8    No Personal Obligation for Trust Liabilities. Persons dealing with the Trust Parties shall have recourse only to the Trust Assets to satisfy any liability incurred by the Trust Parties to any such Person in carrying out the terms of this Agreement, the Plan or Confirmation Order, and the Trust Parties shall have no personal, individual obligation to satisfy any such liability. Except as expressly provided in this Agreement, the Plan, or the Confirmation Order neither the Trustee nor any other Trust Parties shall assume any of the liabilities, obligations or duties of the Debtor or the Beneficiaries.

7.9    Indemnification. The Trustee and its consultants, agents, attorneys, accountants, financial advisors, beneficiaries, estates, employees, officers, directors, principals, professionals, the Advisory Committee and each Advisory Committee Member, and other representatives, each in their representative capacity as such, and any of such parties' successors and assigns (collectively, the "**Indemnified Parties**" and each, an "**Indemnified Party**") shall, to the fullest extent permitted by applicable law, be defended, held harmless, and indemnified by the Trust from time to time and receive reimbursement from and against any and all loss, liability, expense (including counsel fees), or damage of any kind, type or nature, whether sounding in tort, contract, or otherwise, that the Indemnified Parties may incur or sustain in connection with the exercise or performance of any of the Trust's or Trustee's powers and duties under this Agreement, the Plan or Confirmation Order or in rendering services by the Indemnified Party to the Trust or Trustee (the "**Indemnified Conduct**"), including, without limitation, the costs of counsel or others in investigating, preparing, defending, or settling any action or claim (whether or not litigation has been initiated against the Indemnified Party) or in enforcing this Agreement (including its indemnification provisions), except if such loss, liability, expense, or damage is finally determined by a final judgment (not subject to further appeal or review) of a court of

Error! Unknown document property name.

competent jurisdiction to result solely from the fraud, gross negligence, or willful misconduct of the Indemnified Party asserting this provision.

7.9.1    Expense of Trust; Limitation on Source of Payment of Indemnification. All indemnification liabilities of the Trust under this Section 7.9 shall be expenses of the Trust. The amounts necessary for such indemnification and reimbursement shall be paid by the Trust solely out of the Liquidation Trust Expense Reserve after reserving for all actual and anticipated expenses and liabilities of the Trust.  Neither the Trustee nor any other person shall be personally liable for the payment of any Trust expense or claim or other liability of the Trust, and no Person shall look to the Trustee or other Indemnified Parties personally for the payment of any such expense or liability.

7.9.2    Procedure for Current Payment of Indemnified Expenses; Undertaking to Repay. The Trust shall reasonably promptly pay an Indemnified Party all amounts subject to indemnification under this Section 7.9 on submission of invoices for such amounts by the Indemnified Party.  The Trustee shall approve the indemnification of any Indemnified Party and thereafter shall approve any monthly bills of such Indemnified Party for indemnification.  All invoices for indemnification shall be subject to the approval of the Trustee.  By accepting any indemnification payment, the Indemnified Party undertakes to repay such amount promptly if it is determined that the Indemnified Party is not entitled to be indemnified under this Agreement. The Bankruptcy Court shall hear and finally determine any dispute arising out of this Section 7.9.

7.10    No Implied Obligations. The Trustee shall not be liable except for the performance of such duties and obligations as are specifically set forth herein, and no implied covenants or obligations shall be read into this Agreement against the Trustee.

Section 1.01    No Successor Liability.  Except as otherwise expressly provided in this Agreement, the Plan, or Confirmation Order, neither the Trust nor the Trustee (i) shall be deemed to assume, agree to perform, pay, or otherwise have any responsibilities for any liabilities or obligations of the Debtor relating to or arising out of the Trust Assets prior to the Effective Date; (ii) shall be deemed successors to the Debtor by any reason of any theory of law or equity or responsible for the knowledge or conduct of any Debtor prior to the Effective Date; and (iii) shall have any successor or transferee liability of any kind or character.

7.12    Confirmation of Survival of Provisions. Without limitation in any way of any provision of this Agreement, the provisions of this Article VII shall survive the death, dissolution, liquidation, resignation, replacement, or removal, as may be applicable, of the Trustee of other Trust Parties or Indemnified Parties, or the termination of the Trust or this Agreement, and shall inure to the benefit of the Trustee's, the Trust Parties' and the Indemnified Parties' heirs and assigns.

Error! Unknown document property name.

# ARTICLE VIII.
## TAX MATTERS

8.1    Tax Treatment of Trust. Pursuant to and in accordance with the Plan, for all federal income tax purposes, the Debtor, the Beneficiaries, the Trustee and the Trust shall treat the Trust as a liquidating trust within the meaning of Treasury Income Tax Regulation Section 301.7701-4(d) and IRS Revenue Procedure 94-45 and transfer of the Liquidation Trust Assets to the Trust shall be treated as a transfer of the Liquidation Trust Assets by the Debtor to the Beneficiaries in satisfaction of their Allowed Class 5 Claims, followed by a transfer of the Liquidation Trust Assets by the Beneficiaries to the Trust in exchange for their pro rata beneficial interests in the Trust. The Beneficiaries shall be treated as the grantors and owners of the Trust for federal income tax purposes.

8.2    Annual Reporting and Filing Requirements. Pursuant to and in accordance with the terms of the Plan and this Agreement, the Trustee shall file tax returns for the Trust as a grantor trust pursuant to Treasury Income Tax Regulation Section 1.671-4(a).

8.3    Tax Treatment of Reserves for Disputed Beneficiaries Claims. The Trustee may timely elect to treat any Trust Assets allocable to Disputed Beneficiaries Claims as a "disputed ownership fund" ("**DOF**") governed by Treasury Regulation Section 1.468B-9. If an election is made to report any reserve for disputed claims as a DOF, the Trust shall comply with all federal and state tax reporting and tax compliance requirements of the DOF, including but not limited to the filing of a separate federal tax return for the DOF and the payment of federal and/or state income tax due.

8.4    Valuation of Trust Assets. After the Effective Date, but in no event later than the due date for timely filing of the Trust's first federal income tax return (taking into account applicable tax filing extensions), the Trustee shall (a) determine the fair market value of the Trust Assets as of the Effective Date, based on the Trustee's good faith determination and (b) establish appropriate means to apprise the Beneficiaries of such valuation. The valuation shall be used consistently by all parties (including, without limitation, the Debtor, the Trust, the Trustee, and the Beneficiaries) for all federal income tax purposes.

8.5    Other Tax Powers of the Liquidating Trust.

8.5.1    After the Effective Date, the Trustee shall be authorized to prepare and file (or cause to be prepared and filed) on behalf of the Debtor all tax returns required to be filed, including the filing of amended tax returns or requests for refunds.

8.5.2    For all taxable periods ending on or prior to the Effective Date, the Trustee shall have full and exclusive authority in respect of all taxes of the Debtor to the same extent as if the Trust was the debtor in possession.

8.5.3    In furtherance of the Trustee's authority hereunder, the Debtor shall execute a power of attorney authorizing the Trustee to correspond with any tax authority on behalf of the Debtor and to sign, collect, negotiate, settle, and administer tax payments, tax refunds and tax returns.

Error! Unknown document property name.

8.5.4    After the Effective Date, the Trust shall be entitled to the entire amount of any refunds and credits (including interest thereon) with respect to or otherwise relating to any taxes of the Debtor, which are part of the Trust Assets, to the same extent as the Debtor would otherwise be entitled with respect to any taxable period.

## ARTICLE IX.
## SELECTION, REMOVAL, REPLACEMENT AND COMPENSATION OF TRUSTEE

9.1    <u>Initial Trustee</u>. The Trustee shall be appointed by the Debtor, in consultation with the Creditors' Committee and Prepetition Lender, and is appointed effective as of the Effective Date.  The initial trustee shall be the Trustee.

9.2    <u>Term of Service</u>. The Trustee shall serve until (a) the completion of the administration of the Trust Assets and the Trust, including the winding up of the Trust, in accordance with this Agreement and the Plan; (b) termination of the Trust in accordance with the terms of this Agreement and the Plan; or (c) the Trustee's resignation, death, incapacity, or removal.  In the event that the Trustee's appointment terminates by reason of death, dissolution, liquidation, resignation, or removal, the Trustee shall be immediately compensated for all reasonable fees and expenses accrued but unpaid through the effective date of termination, whether or not previously invoiced.  The provisions of Article VII of this Agreement shall survive the resignation or removal of any Trustee.

9.3    <u>Removal of Trustee</u>. Any Person serving as Trustee may be removed at any time for cause.  Any party in interest, on notice and hearing before the Bankruptcy Court, may seek removal of the Trustee for cause.  The Bankruptcy Court shall hear and finally determine any dispute arising out of this Section.

9.4    <u>Resignation of Trustee</u>. The Trustee may resign at any time on written notice to the U.S. Trustee, Bankruptcy Court, Advisory Committee, and the Prepetition Lender.  The resignation shall be effective on the later of (i) the date specified in the notice of resignation and (ii) the date that is thirty (30) days after the date such notice is filed with the Bankruptcy Court and served on the U.S. Trustee.  In the event of a resignation, the resigning Trustee shall render to the U.S. Trustee, Advisory Committee , and the Prepetition Lender a full and complete accounting of monies and assets received, disbursed, and held during the term of office of that Trustee.

9.5    <u>Appointment of Successor Trustee</u>. Upon the resignation, death, incapacity, or removal of a Trustee, the vacancy shall be filled by (i) another professional acceptable to the Advisory Committee and Prepetition Lender or (ii) further order of the Bankruptcy Court.  Any successor Trustee so appointed (a) shall consent to and accept its appointment as successor Trustee, which may be done by e-mail or through acquiescence in not objecting to a motion for approval of its appointment as successor Trustee and (b) shall not have any liability or responsibility for the acts or omissions of any of its predecessor(s).

9.6    <u>Powers and Duties of Successor Trustee</u>. A successor Trustee shall have all the rights, privileges, powers, and duties of its predecessor under this Agreement, the Plan, and Confirmation Order.

Error! Unknown document property name.

9.7    <u>Trust Continuance</u>. The resignation, death, incapacitation, dissolution, liquidation, or removal of the Trustee shall not terminate the Trust or revoke any existing agency created pursuant to this Agreement or invalidate any action theretofore taken by the Trustee.

9.8    <u>Compensation of Trustee and Costs of Administration</u>. The Trustee shall receive fair and reasonable compensation for its services in accordance with the terms and conditions of the Plan, which shall be a charge against and paid out of the Liquidation Trust Expense Reserve. All costs, expenses, and obligations incurred by the Trustee (or professionals who may be employed by the Trustee in administering the Trust, in carrying out their other responsibilities under this Agreement, or in any manner connected, incidental, or related thereto) shall be paid or reserved for by the Trust from the Liquidation Trust Expense Reserve prior to any distribution to the Beneficiaries.  The terms of the compensation of the Trustee are set forth on <u>Exhibit A</u> hereto.  A successor Trustee shall also be entitled to reasonable and fair compensation in connection with its services, which compensation may be different from the terms provided herein and shall be subject to review by the Advisory Committee, plus the reimbursement of reasonable and documented out-of-pocket expenses.

9.9    <u>Appointment of Supplemental Trustee</u>. If the Trustee has a conflict or any of the Trust Assets are situated in any state or other jurisdiction in which the Trustee is not qualified to act as trustee, the Trustee shall nominate and appoint, in consultation with the Advisory Committee and the Prepetition Lender, a Person duly qualified to act as trustee (the "**Supplemental Trustee**") with respect to such conflict, or in such state or jurisdiction, and require from each such Supplemental Trustee such security as may be designated by the Trustee in its discretion.  In the event the Trustee is unwilling or unable to appoint a disinterested Person to act as Supplemental Trustee to handle any such matter, the Bankruptcy Court, on notice and hearing, may do so.  The Trustee or the Bankruptcy Court, as applicable, may confer upon such Supplemental Trustee any or all of the rights, powers, privileges and duties of the Trustee hereunder, subject to the conditions and limitations of this Agreement, except as modified or limited by the laws of the applicable state or other jurisdiction (in which case, the laws of the state or other jurisdiction in which such Supplemental Trustee is acting shall prevail to the extent necessary).  To the extent the Supplemental Trustee is appointed by the Trustee, the Trustee shall require such Supplemental Trustee to be answerable to the Trustee for all monies, assets, and other property that may be received in connection with the administration of all property.  The Trustee or the Bankruptcy Court, as applicable, may remove such Supplemental Trustee, with or without cause, and appoint a successor Supplemental Trustee at any time by executing a written instrument declaring such Supplemental Trustee removed from office and specifying the effective date and time of removal.

## ARTICLE X.
## DURATION OF TRUST

10.1    <u>Duration</u>. Once the Trust becomes effective upon the Effective Date of the Plan, the Trust and this Agreement shall remain and continue in full force and effect until the Trust is terminated.

10.2    <u>Termination on Distribution of Trust Assets</u>. Upon the distribution, disposal, or abandonment of all Trust Assets in accordance with the provisions of the Plan, the Confirmation

Error! Unknown document property name.

Order, and this Agreement, the Trust shall terminate and the Trustee and Advisory Committee shall have no further responsibility in connection therewith except as may be required to effectuate such termination under relevant law.

10.3     Termination after Five Years. If the Trust has not been previously terminated pursuant to Section 10.2 hereof, on the fifth (5th) anniversary of the Effective Date, unless the Trust term has been extended in accordance with Article IV.D of the Plan, the Trustee shall distribute all of the Trust Assets to the Beneficiaries in accordance with the Plan and this Agreement, and immediately thereafter the Trust shall terminate and the Trustee and the Advisory Committee shall have no further responsibility in connection therewith except to the limited extent set forth in Section 10.5 of this Agreement.

10.4     No Termination by Beneficiaries. The Trust may not be terminated at any time by the Beneficiaries.

10.5     Continuance of Trust for Winding Up; Discharge and Release of Trustee. After the termination of the Trust and solely for the purpose of liquidating and winding up the affairs of the Trust, the Trustee shall continue to act as such until its responsibilities have been fully performed. Except as otherwise specifically provided herein, upon the distribution of the Trust Assets including all excess reserves, the Trustee, the Trust's professionals and agents, and the Advisory Committee shall be deemed discharged and have no further duties or obligations hereunder.  Upon a motion by the Trustee, the Bankruptcy Court may enter an order relieving the Trustee, its employees, professionals, agents, and the Advisory Committee of any further duties, discharging and releasing the Trustee, its employees, professionals, agents, and the Advisory Committee from all liability related to the Trust, and releasing the Trustee's bond, if any.

## ARTICLE XI.
## MISCELLANEOUS

11.1     Cumulative Rights and Remedies. The rights and remedies provided in this Agreement are cumulative and not exclusive of any rights and remedies under law or in equity.

11.2     Notices.  All notices to be given to Beneficiaries may be given by ordinary mail, or may be delivered personally, to the Beneficiaries at the addresses appearing on the books and records kept by the Trustee.  Any notice or other communication which may be or is required to be given, served, or sent to the Trustee shall be in writing and shall be sent by registered or certified United States mail, return receipt requested, postage prepaid, or transmitted by hand delivery or facsimile (if receipt is confirmed) addressed as follows:

> If to the Trust or Trustee:
>
> Alexandre Zyngier
> E-mail: azyngier@batutaadvisors.com

or to such other address as may from time to time be provided in written notice by the Trustee.

11.3     Governing Law. This Agreement shall be governed by and construed in accordance with the laws of the State of New Jersey, without giving effect to rules governing the conflict of laws.

11.4     Successors and Assigns. This Agreement shall inure to the benefit of and shall be binding upon the Parties and their respective successors and assigns.

11.5     Particular Words. Reference in this Agreement to any Section or Article is, unless otherwise specified, to that such Section or Article under this Agreement.  The words "hereof," "herein," and similar terms shall refer to this Agreement and not to any particular Section or Article of this Agreement.

11.6     Execution. All funds in the Trust shall be deemed in custodia legis until such times as the funds have actually been paid to or for the benefit of a Beneficiary, and no Beneficiary or any other Person can execute upon, garnish or attach the Trust Assets or the Trustee in any manner or compel payment from the Trust except by Final Order of the Bankruptcy Court. Payments will be solely governed by the Plan and this Agreement.

11.7     Amendment. This Agreement may be amended by written agreement of the Trustee or by order of the Bankruptcy Court; *provided*, *however*, such amendment may not be inconsistent with the Plan or the Confirmation Order.

11.8     No Waiver. No failure or delay of any party to exercise any right or remedy pursuant to this Agreement shall affect such right or remedy or constitute a waiver thereof.

11.9     No Relationship Created. Nothing contained herein shall be construed to constitute any relationship created by this Agreement as an association, partnership, or joint venture of any kind.

11.10     Severability. If any term, provision covenant or restriction contained in this Agreement is held by a court of competent jurisdiction or other authority to be invalid, void, unenforceable or against its regulatory policy, the remainder of the terms, provisions, covenants, and restrictions contained in this Agreement shall remain in full force and effect and shall in no way be affected, impaired or invalidated.

11.11     Further Assurances. Without limitation of the generality of Section 2.4 of this Agreement, the Parties agree to execute and deliver all such documents and notices and to take all such further actions as may reasonably be required from time to time to carry out the intent and purposes and provide for the full implementation of this Agreement and the pertinent provisions of the Plan, and to consummate the transactions contemplated hereby.

11.12     Counterparts. This Agreement may be executed simultaneously in one or more counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

11.13     Confidentiality. The Trustee and each Advisory Committee Member shall, during the period that it serves in such capacity under this Liquidation Trust Agreement and following either the termination of this Liquidation Trust Agreement or such Trustee's or Advisory

Error! Unknown document property name.

Committee Member's removal, incapacity, or resignation hereunder, hold strictly confidential and not use for personal gain any material, non-public information of or pertaining to any entity to which any of the Trust Assets relates or of which it has become aware in its capacity as Trustee or Advisory Committee Member, as applicable.

11.14   <u>Jurisdiction</u>. The Bankruptcy Court shall have jurisdiction regarding the Debtor, Trust, Trustee, and Trust Assets, including, without limitation, the determination of all disputes arising out of or related to administration of the Trust.  The Bankruptcy Court shall have continuing jurisdiction and venue to hear and finally determine all disputes and related matters among the Parties arising out of or related to this Agreement or the administration of the Trust. The Parties expressly consent to the Bankruptcy Court hearing and exercising such judicial power as is necessary to finally determine all such disputes and matters.  If the Bankruptcy Court abstains from exercising, or declines to exercise, jurisdiction or is otherwise without jurisdiction over any matter arising in, arising under, or related to the Chapter 11 Case, including the matters set forth in this Agreement, the provisions of this Agreement shall have no effect on and shall not control, limit or prohibit the exercise of jurisdiction by any other court having competent jurisdiction with respect to such matter, and all applicable references in this Agreement to an order or decision of the Bankruptcy Court shall instead mean an order or decision of such other court of competent jurisdiction.

Error! Unknown document property name.

IN WITNESS WHEREOF, the Parties have or are deemed to have executed this Agreement as of the day and year written above.

DIRECTBUY HOME IMPROVEMENT, INC.

By: _____
Name: Robert Fetterman
Title: Chief Financial Officer

THE TRUSTEE

By: _____
Name: Alexandre Zyngier
Title: Trustee

**Error! Unknown document property name.**

**EXHIBIT A**

**TERMS OF COMPENSATION OF TRUSTEE**

Subject to and in accordance with any applicable engagement agreement and the Liquidation Trust Agreement, the Liquidation Trustee shall receive (i) a monthly fee equal to $10,000 for the first 2 months following the Effective Date, and $5,000 per month thereafter, (ii) three percent (3%) of any net recoveries of the Retained Causes of Action and/or any other Trust Assets which were not already in the process of being recovered as of the Effective Date and (iii) reimbursement for documented actual and reasonable expenses incurred in performing the Liquidation Trustee's duties as Liquidation Trustee.

## **EXHIBIT B**

## **Liquidation Trust Expense Reserve**

<u>Reserve Amount</u>

1.  $200,000

## EXHIBIT C

### Identity and Compensation of Liquidation Trustee

Liquidation Trustee

Alexandre Zyngier

Compensation

Subject to and in accordance with any applicable engagement agreement and the Liquidation Trust Agreement, the Liquidation Trustee shall receive (i) a monthly fee equal to $10,000 for the first 2 months following the Effective Date, and $5,000 per month thereafter, (ii) three percent (3%) of any net recoveries of the Retained Causes of Action and/or any other Trust Assets which were not already in the process of being recovered as of the Effective Date and (iii) reimbursement for documented actual and reasonable expenses incurred in performing the Liquidation Trustee's duties as Liquidation Trustee.

## **EXHIBIT D**

## **Identity of Liquidation Trust Advisory Committee**

<u>Advisory Committee Members</u>

1.  Simon Property Group, Inc.

2.  Brookfield Properties Retail, Inc.

## EXHIBIT E

## Liquidation Trust Claim Reserve

Reserve Amount

1.  $950,000

Pursuant to the Plan, the Liquidation Trust Claim Reserve is not a Liquidation Trust Asset, and any excess amounts in the Liquidation Trust Claims Reserve after the payment in full or other satisfaction of all Allowed Administrative Claims (other than Professional Fee Claims), DIP Claims, Priority Tax Claims, Secured Tax Claims, Other Priority Claims, and Other Secured Claims shall be paid to the Prepetition Lender.

The Liquidation Trust Claim Reserve amount will be held as follows:

*   $650,000 will be held in a Debtor bank account; and

*   $300,000 will be held in a bank account maintained by the Prepetition Lender.

Payments on account of Allowed Administrative Claims (other than Professional Fee Claims), DIP Claims, Priority Tax Claims, Secured Tax Claims, Other Priority Claims, and Other Secured Claims shall first be made from the $650,000 in the Debtor's bank account. If the funds in the Debtor's account are insufficient to satisfy such claims, any remaining claims will be paid from the $300,000 in the Prepetition Lender's bank account. At the conclusion of the claims reconciliation process for Administrative Claims (other than Professional Fee Claims), DIP Claims, Priority Tax Claims, Secured Tax Claims, Other Priority Claims, and Other Secured Claims, the Liquidation Trustee shall file a notice setting forth the balance, if any, in the Debtor's bank account, and any amounts remaining in the Debtor's bank account or the Prepetition Lender's account shall be paid to or released to the Prepetition Lender without further notice or order of the Bankruptcy Court.

For the avoidance of doubt, notwithstanding anything to the contrary in the Plan, this Plan Supplement, or the Confirmation Order, except for any payment(s) from the Liquidation Trust Claim Reserve, the Prepetition Lender shall not (a) be obligated to make any distribution under the Plan or otherwise in respect of any claim against or interest in the Debtor, and (b) have any liability of any kind to any person or entity in respect of (i) the Plan and the implementation of any transactions contemplated therein, including any distributions made or to be made thereunder; (ii) the administration of the Liquidation Trust; or (iii) any claim against or interest in the Debtor.